1  STEVEN T. GUBNER – State Bar No. 156593
   ROBYN B. SOKOL - State Bar No. 159506
2  DANIEL H. GILL - State Bar No. 156045
   **EZRA BRUTZKUS GUBNER LLP**
3  21650 Oxnard Street, Suite 500
   Woodland Hills, California  91367
4  Telephone:  (818) 827-9000
   Facsimile:   (818) 827-9099
5  Emails: sgubner@ebg-law.com;
   rsokol@ebg-law.com; dgill@ebg-law.com
6
   Special Counsel for Bradley D. Sharp,
7  Chapter11 Trustee

8                **UNITED STATES BANKRUPTCY COURT**

9                **CENTRAL DISTRICT OF CALIFORNIA**

10                    **LOS ANGELES DIVISION**

11 In re                                ) Case No. 2:08-bk-32333-BR
                                        )
12 NAMCO CAPITAL GROUP, INC., a          ) Chapter 11
   California corporation,               )
13                                       ) Adv. Case No.
                                        )
14             Debtor.                   )
                                        )
   ─────────────────────────────        )
15                                       ) **COMPLAINT TO AVOID AND**
   BRADLEY D. SHARP, CHAPTER 11          ) **RECOVER PREFERENTIAL**
16 TRUSTEE,                              ) **TRANSFERS PURSUANT TO 11 U.S.C.**
                                        ) **§§  547(b), 548(a), 550 and 502**
17             Plaintiff,                )
                                        )
18      v.                              ) Date:      [To Be Set by Summons]
                                        ) Time:
19 SHARAHEH RASTEGAR, an individual;     ) Place:
   ROXANA RASTEGAR, an individual; MAHI )
20 RASTEGAR, an individual; JESSICA      )
   KIMIABAKHASH, an individual; MICHELE )
21 KIMIABAKHASH, an individual; SHABNAM )
   KIMIABAKHASH, an individual; SOLOMON )
22 RASTEGAR, individually and as Trustee of )
   RASTEGAR FAMILY TRUST; and            )
23 RASTEGAR FAMILY TRUST,                )
                                        )
24             Defendants.               )
   ─────────────────────────────        )
25

26      Plaintiff Bradley D. Sharp ("Plaintiff"), the Chapter 11 Trustee for the Estate of Namco

27 Capital Group, Inc., a California corporation (the "Debtor"), alleges as follows:

28

362560

## NATURE OF ACTION

1.    This is an adversary proceeding brought pursuant to Part VII of the Federal Rules of Bankruptcy Procedure to recover certain transfers made by the Debtor to Sharaheh Rastegar, Roxana Rastegar, Mahi Rastegar, Jessica Kimiabakhash, Michele Kimiabakhash, Shabnam Kimiabakhash, the Rastegar Family Trust and Solomon Rastegar, individually and as Trustee of the Rastegar Family Trust (collectively referred to herein as the "Defendants") and related relief. Plaintiff seeks entry of a judgment avoiding the transfers at issue pursuant to 11 U.S.C. §§ 547 and/or 548 and recovering the transfers pursuant to 11 U.S.C. § 550, and disallowing any claim of the Defendants including pursuant to 11 U.S.C. § 502(d) until Defendants pays the transfers at issue in full to Plaintiff.

2.    To the extent that the Defendants have filed a proof of claim or have a claim listed on Debtor's schedules as undisputed, liquidated and non-contingent, or have otherwise requested payment from Debtor (collectively, the "Claims"), this Complaint is not intended to be, nor should it be construed as, a waiver of the Plaintiff's right to object to such Claims for any reason, including, but not limited to Section 502(a) through (j) of the Bankruptcy Code ("Section 502"), and such rights are expressly reserved.  Notwithstanding the reservation of rights set forth above, certain relief pursuant to Section 502 is sought by Plaintiff herein as further stated below.

3.    The Plaintiff also reserves his right to bring additional claims for relief including additional avoidance actions against Defendants.  This Complaint is not intended to be, nor should it be construed as, a waiver of the Plaintiff's right to bring such additional claims for relief against Defendants in this action or by way of separate action.

## JURISDICTION AND CASE BACKGROUND

4.    The within bankruptcy case was commenced on or about December 22, 2008 (the "Petition Date"), when an involuntary petition was filed for relief under Chapter 11 of Title 11 of the United States Code (the "Code"), Bankruptcy Case No. 2:08-bk-32333-BR, which case currently is pending in the Los Angeles Division of the United States Bankruptcy Court for the Central District of California.  An Order for Bankruptcy Relief was entered on January 29, 2009.

On or about May 8, 2009, Plaintiff Bradley D. Sharp was appointed the Chapter 11 Trustee. Plaintiff is the duly appointed, qualified and acting Chapter 11 Trustee for the Debtor's bankruptcy estate.

5.    This Court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. §§ 157 and 1334.  Venue is proper in this Court pursuant to 28 U.S.C. §1409.

6.    This action is commenced pursuant to Federal Rule of Bankruptcy Procedure 7001.

7.    This action is a core proceeding under 28 U.S.C. § 157(b)(2)(A), (B), (E), (F) and (O).

## THE PARTIES

8.    Plaintiff brings this action solely in his capacity as the Chapter 11 Trustee for the Debtor's estate.

9.    Plaintiff is informed and believes, and based thereon alleges that defendant Sharaheh Rastegar is, and at all times herein mentioned was, an individual residing in the Central District of California.

10.    Plaintiff is informed and believes, and based thereon alleges that defendant Roxana Rastegar ("R. Rastegar") is, and at all times herein mentioned was, an individual residing in the Central District of California.

11.    Plaintiff is informed and believes, and based thereon alleges that defendant Mahi Rastegar ("M. Rastegar") is, and at all times herein mentioned was, an individual residing in the Central District of California.

12.    Plaintiff is informed and believes, and based thereon alleges that defendant Jessica Kimiabakhash ("J. Kimiabakhash") is, and at all times herein mentioned was, an individual residing in the Central District of California.

13.    Plaintiff is informed and believes, and based thereon alleges that defendant Michele Kimiabakhash ("M. Kimiabakhash") is, and at all times herein mentioned was, an individual residing in the Central District of California.

3

14.    Plaintiff is informed and believes, and based thereon alleges that defendant Shabnam Kimiabakhash ("S. Kimiabakhash") is, and at all times herein mentioned was, an individual residing in the Central District of California.

15.    Plaintiff is informed and believes, and based thereon alleges that defendant Solomon Rastegar is, and at all times herein mentioned was, an individual residing in the Central District of California and the Trustee of the Rastegar Family Trust.

16.    Plaintiff is informed and believes, and based thereon alleges, that defendants Sharaheh Rastegar, R. Rastegar, M. Rastegar, J. Kimiabakhash, M. Kimiabakhash, S. Kimiabakhash and Solomon Rastegar are all related to one another and are friends of the Debtor. The Plaintiff is informed and believes, and based thereon alleges, that Defendants are all members of a very close knit family and that Solomon Rastegar is the patriarch of the Rastegar and Kimiabakhash family.

17.    Plaintiff is informed and believes, and based thereon alleges, that Solomon Rastegar is and at all times mentioned herein was a very close, personal friend of Ezri Namvar ("Namvar").  Plaintiff is informed and believes, and based thereon alleges that at all times herein mentioned, Solomon Rastegar was the Trustee of a Namvar family trust, entrusted with the personal matters of the Namvar family.  At all times mentioned herein, Namvar was the President, sole Director and sole Shareholder of the Debtor and controlled the Debtor in all respects.  Because of Solomon Rastegar's special relationship with Namvar and Namvar's position with the Debtor and Solomon Rastegar's relationship with the Defendants, Defendants are insiders of the Debtor within the meaning of § 101(31)(B) and (E) of the Bankruptcy Code and/or are nonstatutory insiders pursuant to applicable bankruptcy case law.

18.    Defendants and the Debtor had a personal and/or professional and/or business relationship that was sufficiently close enough for Defendants to gain an advantage attributable to affinity. Defendants are therefore insiders of the Debtor based on the statutory and/or nonstatutory definitions.

/ / /

/ / /

**GENERAL ALLEGATIONS**

19.    Plaintiff is informed and believes, and based thereon alleges that prior to the Petition Date, the Debtor had been in business for approximately 20 years. Debtor's general business model was relatively simple and straightforward - Debtor would borrow money from individuals ("Lender Funds"), most often members of the West Los Angeles Persian community (individually hereinafter referred to as a "Namco Lender"), agree to pay such Namco Lender a fixed rate of return, and the Debtor would then either lend those funds to third parties, at interest rates typically six percent or more higher than the cost of capital payable to the Namco Lender, or invest such funds in various real estate projects.

20.    Section 101(54) of the Code applicable to this case defines the term "transfer" as "(A) the creation of a lien; (B) the retention of title as a security interest; (C) the foreclosure of a debtor's equity of redemption; or (D) each mode, direct or indirect, absolute or conditional, voluntary or involuntary, of disposing of or parting with (i) property; or (ii) an interest in property."

21.    Plaintiff is informed and believes and thereon alleges that Debtor made transfer(s) to Sharaheh Rastegar totaling $2,095,969.98, as more fully set forth on **Exhibit "A"** attached hereto and incorporated herein by this reference (the "Sharaheh Rastegar Transfers").

22.    Plaintiff is informed and believes and thereon alleges that Debtor made transfer(s) to R. Rastegar totaling $474,640.58, as more fully set forth on **Exhibit "B"** attached hereto and incorporated herein by this reference (the "R. Rastegar Transfers").

23.    Plaintiff is informed and believes and thereon alleges that Debtor made transfer(s) to M. Rastegar totaling $43,038.89, as more fully set forth on **Exhibit "C"** attached hereto and incorporated herein by this reference (the "M. Rastegar Transfers").

24.    Plaintiff is informed and believes and thereon alleges that Debtor made transfer(s) to J. Kimiabakhash totaling $82,335.59, as more fully set forth on **Exhibit "D"** attached hereto and incorporated herein by this reference (the "J. Kimiabakhash Transfers").

/ / /

/ / /

25.     Plaintiff is informed and believes and thereon alleges that Debtor made transfer(s) to M. Kimiabakhash totaling $86,934.47, as more fully set forth on **Exhibit "E"** attached hereto and incorporated herein by this reference (the "M. Kimiabakhash Transfers").

26.     Plaintiff is informed and believes and thereon alleges that Debtor made transfer(s) to S. Kimiabakhash totaling $122,381.97, as more fully set forth on **Exhibit "F"** attached hereto and incorporated herein by this reference (the "S. Kimiabakhash Transfers").

27.     Plaintiff is informed and believes and thereon alleges that Debtor made transfer(s) to the Rastegar Family Trust totaling $735,100.58, as more fully set forth on **Exhibit "G"** attached hereto and incorporated herein by this reference (the "Trust Transfers").

### FIRST CLAIM FOR RELIEF

**[To Avoid and Recover Preferential Transfers Against Sharaheh Rastegar]**

**[11 U.S.C. §§ 547 and 550]**

28.     Plaintiff refers to and, by this reference, incorporates and alleges herein, each and all of the allegations set forth in Paragraphs 1 through 27, inclusive, of this Complaint.

29.     Plaintiff is informed and believes, and based thereon alleges, that each of the Sharaheh Rastegar Transfers constituted a transfer of property of the Debtor to Sharaheh Rastegar. Plaintiff further is informed and believes, and based thereon alleges, that each of the Sharaheh Rastegar Transfers constitutes a "transfer," within the meaning of Section 101(54) of the Code, made within one year prior to the Petition Date.

30.     Plaintiff is informed and believes, and based thereon alleges, that the Sharaheh Rastegar Transfers were made to or for the benefit of Sharaheh Rastegar as a creditor of the Debtor.

31.     Plaintiff is informed and believes, and based thereon alleges, that the Sharaheh Rastegar Transfers were made for or on account of an antecedent debt owing by the Debtor to Sharaheh Rastegar before the Transfers were made.

32.     Plaintiff is informed and believes, and based thereon alleges, that the Debtor made the Sharaheh Rastegar Transfers while the Debtor was insolvent.

33.    Plaintiff is informed and believes, and based thereon alleges, that Sharaheh Rastegar is an insider of the Debtor.

34.    Plaintiff is informed and believes, and based thereon alleges, that the Sharaheh Rastegar Transfers were made to Sharaheh Rastegar within one year prior to the Petition Date.

35.    Plaintiff is informed and believes, and based thereon alleges, that the Sharaheh Rastegar Transfers enabled Sharaheh Rastegar, as a creditor, to receive more than Sharaheh Rastegar would have received if the Sharaheh Rastegar Transfers had not been made and Sharaheh Rastegar was to receive payment on Sharaheh Rastegar's claim only to the extent provided by Chapter 7 of the Code.

36.    For the foregoing reasons, pursuant to Section 547(b) of the Code, Plaintiff may avoid the Sharaheh Rastegar Transfers.

37.    Furthermore, pursuant to Section 550 of the Code, Plaintiff may recover from Sharaheh Rastegar the value of the property transferred under the Sharaheh Rastegar Transfers, plus interest thereon at the maximum legal rate from and after the date of each of the Sharaheh Rastegar Transfers, in a sum according to proof, which Plaintiff believes not to be less than $2,095,969.98.

## SECOND CLAIM FOR RELIEF

### [To Avoid and Recover Fraudulent Transfers Against Sharaheh Rastegar]

### [11 U.S.C. §§ 548 and 550]

38.    Plaintiff pleads this Second Claim for Relief in the alternative and repeats, reiterates and realleges each and every allegation contained in paragraphs 1 – 37 hereof with the same force and effect as if fully set forth herein at length.  Plaintiff brings the Second Claim for Relief in the event that Sharaheh Rastegar asserts that one or more of the Sharaheh Rastegar Transfers was not made on account of antecedent debt.

39.    Each of the Sharaheh Rastegar Transfers constituted a transfer of an interest of the Debtor in property.

40.    The Debtor: (i) was insolvent on the date that the Sharaheh Rastegar Transfers were made, or became insolvent as a result of such Sharaheh Rastegar Transfers; (ii) was engaged in business or a transaction, or was about to engage in business or a transaction, for which any property remaining with the Debtor was an unreasonably small capital; or (iii) intended to incur, or believed that it would incur, debts that would be beyond the Debtor's ability to pay as such debts matured.

41.    As a result of the foregoing, Plaintiff demands the entry of a judgment avoiding the Sharaheh Rastegar Transfers pursuant to Section 548 of the Code.

42.    Furthermore, pursuant to Section 550 of the Code, Plaintiff may recover from Sharaheh Rastegar the value of the property transferred under the Sharaheh Rastegar Transfers, plus interest thereon at the maximum legal rate from and after the date of each of the Sharaheh Rastegar Transfers, in a sum according to proof, which Plaintiff believes not to be less than $2,095,969.98.

## THIRD CLAIM FOR RELIEF

### [To Avoid and Recover Preferential Transfers Against R. Rastegar]

### [11 U.S.C. §§ 547 and 550]

43.    Plaintiff refers to and, by this reference, incorporates and alleges herein, each and all of the allegations set forth in Paragraphs 1 through 42, inclusive, of this Complaint.

44.    Plaintiff is informed and believes, and based thereon alleges, that each of the R. Rastegar Transfers constituted a transfer of property of the Debtor to R. Rastegar. Plaintiff further is informed and believes, and based thereon alleges, that each of the R. Rastegar Transfers constitutes a "transfer," within the meaning of Section 101(54) of the Code, made within one year prior to the Petition Date.

45.    Plaintiff is informed and believes, and based thereon alleges, that the R. Rastegar Transfers were made to or for the benefit of R. Rastegar as a creditor of the Debtor.

46.    Plaintiff is informed and believes, and based thereon alleges, that the R. Rastegar Transfers were made for or on account of an antecedent debt owing by the Debtor to R. Rastegar before the Transfers were made.

47.    Plaintiff is informed and believes, and based thereon alleges, that the Debtor made the R. Rastegar Transfers while the Debtor was insolvent.

48.    Plaintiff is informed and believes, and based thereon alleges, that R. Rastegar is an insider of the Debtor.

49.    Plaintiff is informed and believes, and based thereon alleges, that the R. Rastegar Transfers were made to R. Rastegar within one year prior to the Petition Date.

50.    Plaintiff is informed and believes, and based thereon alleges, that the R. Rastegar Transfers enabled R. Rastegar, as a creditor, to receive more than she would have received if the R. Rastegar Transfers had not been made and R. Rastegar was to receive payment on her claim only to the extent provided by Chapter 7 of the Code.

51.    For the foregoing reasons, pursuant to Section 547(b) of the Code, Plaintiff may avoid the R. Rastegar Transfers.

52.    Furthermore, pursuant to Section 550 of the Code, Plaintiff may recover from R. Rastegar the value of the property transferred under the R. Rastegar Transfers, plus interest thereon at the maximum legal rate from and after the date of each of the R. Rastegar Transfers, in a sum according to proof, which Plaintiff believes not to be less than $474,640.58.

## FOURTH CLAIM FOR RELIEF

### [To Avoid and Recover Fraudulent Transfers Against R. Rastegar]

### [11 U.S.C. §§ 548 and 550]

53.    Plaintiff pleads this Fourth Claim for Relief in the alternative and repeats, reiterates and realleges each and every allegation contained in paragraphs 1 – 52 hereof with the same force and effect as if fully set forth herein at length.  Plaintiff brings the Fourth Claim for Relief in the event that R. Rastegar asserts that one or more of the R. Rastegar Transfers was not made on account of antecedent debt.

54.    Each of the R. Rastegar Transfers constituted a transfer of an interest of the Debtor in property.

55.     The Debtor: (i) was insolvent on the date that the R. Rastegar Transfers were made, or became insolvent as a result of such R. Rastegar Transfers; (ii) was engaged in business or a transaction, or was about to engage in business or a transaction, for which any property remaining with the Debtor was an unreasonably small capital; or (iii) intended to incur, or believed that it would incur, debts that would be beyond the Debtor's ability to pay as such debts matured.

56.     As a result of the foregoing, Plaintiff demands the entry of a judgment avoiding the R. Rastegar Transfers pursuant to Section 548 of the Code.

57.     Furthermore, pursuant to Section 550 of the Code, Plaintiff may recover from R. Rastegar the value of the property transferred under the R. Rastegar Transfers, plus interest thereon at the maximum legal rate from and after the date of each of the R. Rastegar Transfers, in a sum according to proof, which Plaintiff believes not to be less than $474,640.58.

## FIFTH CLAIM FOR RELIEF

### [To Avoid and Recover Preferential Transfers Against M. Rastegar]

### [11 U.S.C. §§ 547 and 550]

58.     Plaintiff refers to and, by this reference, incorporates and alleges herein, each and all of the allegations set forth in Paragraphs 1 through 57, inclusive, of this Complaint.

59.     Plaintiff is informed and believes, and based thereon alleges, that each of the M. Rastegar Transfers constituted a transfer of property of the Debtor to M. Rastegar.  Plaintiff further is informed and believes, and based thereon alleges, that each of the M. Rastegar Transfers constitutes a "transfer," within the meaning of Section 101(54) of the Code, made within one year prior to the Petition Date.

60.     Plaintiff is informed and believes, and based thereon alleges, that the M. Rastegar Transfers were made to or for the benefit of M. Rastegar as a creditor of the Debtor.

61.     Plaintiff is informed and believes, and based thereon alleges, that the M. Rastegar Transfers were made for or on account of an antecedent debt owing by the Debtor to M. Rastegar before the M. Rastegar Transfers were made.

62.     Plaintiff is informed and believes, and based thereon alleges, that the Debtor made the M. Rastegar Transfers while the Debtor was insolvent.

63.     Plaintiff is informed and believes, and based thereon alleges, that M. Rastegar is an insider of the Debtor.

64.     Plaintiff is informed and believes, and based thereon alleges, that the M. Rastegar Transfers were made to M. Rastegar within one year prior to the Petition Date.

65.     Plaintiff is informed and believes, and based thereon alleges, that the M. Rastegar Transfers enabled M. Rastegar, as a creditor, to receive more than M. Rastegar would have received if the M. Rastegar Transfers had not been made and M. Rastegar was to receive payment on M. Rastegar's claim only to the extent provided by Chapter 7 of the Code.

66.     For the foregoing reasons, pursuant to Section 547(b) of the Code, Plaintiff may avoid the M. Rastegar Transfers.

67.     Furthermore, pursuant to Section 550 of the Code, Plaintiff may recover from M. Rastegar the value of the property transferred under the M. Rastegar Transfers, plus interest thereon at the maximum legal rate from and after the date of each of the M. Rastegar Transfers, in a sum according to proof, which Plaintiff believes not to be less than $43,038.89.

## SIXTH CLAIM FOR RELIEF

**[To Avoid and Recover Fraudulent Transfers Against M. Rastegar]**

**[11 U.S.C. §§ 548 and 550]**

68.     Plaintiff pleads this Sixth Claim for Relief in the alternative and repeats, reiterates and realleges each and every allegation contained in paragraphs 1 – 67 hereof with the same force and effect as if fully set forth herein at length.  Plaintiff brings the Sixth Claim for Relief in the event that M. Rastegar asserts that one or more of the M. Rastegar Transfers was not made on account of antecedent debt.

69.     Each of the M. Rastegar Transfers constituted a transfer of an interest of the Debtor in property.

70.     The Debtor: (i) was insolvent on the date that the M. Rastegar Transfers were made, or became insolvent as a result of such M. Rastegar Transfers; (ii) was engaged in business or a transaction, or was about to engage in business or a transaction, for which any property remaining with the Debtor was an unreasonably small capital; or (iii) intended to incur, or believed that it would incur, debts that would be beyond the Debtor's ability to pay as such debts matured.

71.     As a result of the foregoing, Plaintiff demands the entry of a judgment avoiding the M. Rastegar Transfers pursuant to Section 548 of the Code.

72.     Furthermore, pursuant to Section 550 of the Code, Plaintiff may recover from M. Rastegar the value of the property transferred under the M. Rastegar Transfers, plus interest thereon at the maximum legal rate from and after the date of each of the M. Rastegar Transfers, in a sum according to proof, which Plaintiff believes not to be less than $43,038.89.

### SEVENTH CLAIM FOR RELIEF

**[To Avoid and Recover Preferential Transfers Against J. Kimiabakhash]**

**[11 U.S.C. §§ 547 and 550]**

73.     Plaintiff refers to and, by this reference, incorporates and alleges herein, each and all of the allegations set forth in Paragraphs 1 through 72, inclusive, of this Complaint.

74.     Plaintiff is informed and believes, and based thereon alleges, that each of the J. Kimiabakhash Transfers constituted a transfer of property of the Debtor to J. Kimiabakhash. Plaintiff further is informed and believes, and based thereon alleges, that each of the J. Kimiabakhash Transfers constitutes a "transfer," within the meaning of Section 101(54) of the Code, made within one year prior to the Petition Date.

75.     Plaintiff is informed and believes, and based thereon alleges, that the J. Kimiabakhash Transfers were made to or for the benefit of J. Kimiabakhash as a creditor of the Debtor.

/ / /

/ / /

76.    Plaintiff is informed and believes, and based thereon alleges, that the J. Kimiabakhash Transfers were made for or on account of an antecedent debt owing by the Debtor to J. Kimiabakhash before the J. Kimiabakhash Transfers were made.

77.    Plaintiff is informed and believes, and based thereon alleges, that the Debtor made the J. Kimiabakhash Transfers while the Debtor was insolvent.

78.    Plaintiff is informed and believes, and based thereon alleges, that J. Kimiabakhash is an insider of the Debtor.

79.    Plaintiff is informed and believes, and based thereon alleges, that the J. Kimiabakhash Transfers were made to J. Kimiabakhash within one year prior to the Petition Date.

80.    Plaintiff is informed and believes, and based thereon alleges, that the J. Kimiabakhash Transfers enabled J. Kimiabakhash, as a creditor, to receive more than she would have received if the J. Kimiabakhash Transfers had not been made and J. Kimiabakhash was to receive payment on her claim only to the extent provided by Chapter 7 of the Code.

81.    For the foregoing reasons, pursuant to Section 547(b) of the Code, Plaintiff may avoid the J. Kimiabakhash Transfers.

82.    Furthermore, pursuant to Section 550 of the Code, Plaintiff may recover from J. Kimiabakhash the value of the property transferred under the J. Kimiabakhash Transfers, plus interest thereon at the maximum legal rate from and after the date of each of the J. Kimiabakhash Transfers, in a sum according to proof, which Plaintiff believes not to be less than $82,335.59.

## EIGHTH CLAIM FOR RELIEF

### [To Avoid and Recover Fraudulent Transfers Against J. Kimiabakhash]

### [11 U.S.C. §§ 548 and 550]

83.    Plaintiff pleads this Eighth Claim for Relief in the alternative and repeats, reiterates and realleges each and every allegation contained in paragraphs 1 – 82 hereof with the same force and effect as if fully set forth herein at length.  Plaintiff brings the Eighth Claim for

Relief in the event that J. Kimiabakhash asserts that one or more of the J. Kimiabakhash Transfers was not made on account of antecedent debt.

84.    Each of the J. Kimiabakhash Transfers constituted a transfer of an interest of the Debtor in property.

85.    The Debtor: (i) was insolvent on the date that the J. Kimbiabakhash Transfers were made, or became insolvent as a result of such J. Kimbiabakhash Transfers; (ii) was engaged in business or a transaction, or was about to engage in business or a transaction, for which any property remaining with the Debtor was an unreasonably small capital; or (iii) intended to incur, or believed that it would incur, debts that would be beyond the Debtor's ability to pay as such debts matured.

86.    As a result of the foregoing, Plaintiff demands the entry of a judgment avoiding the J. Kimiabakhash Transfers pursuant to Section 548 of the Code.

87.    Furthermore, pursuant to Section 550 of the Code, Plaintiff may recover from J. Kimiabakhash the value of the property transferred under the J. Kimiabakhash Transfers, plus interest thereon at the maximum legal rate from and after the date of each of the J. Kimiabakhash Transfers, in a sum according to proof, which Plaintiff believes not to be less than $82,335.59.

## NINTH CLAIM FOR RELIEF

**[To Avoid and Recover Preferential Transfers Against M. Kimiabakhash]**

**[11 U.S.C. §§ 547 and 550]**

88.    Plaintiff refers to and, by this reference, incorporates and alleges herein, each and all of the allegations set forth in Paragraphs 1 through 87, inclusive, of this Complaint.

89.    Plaintiff is informed and believes, and based thereon alleges, that each of the M. Kimiabakhash Transfers constituted a transfer of property of the Debtor to M. Kimiabakhash. Plaintiff further is informed and believes, and based thereon alleges, that each of the M. Kimiabakhash Transfers constitutes a "transfer," within the meaning of Section 101(54) of the Code, made within one year prior to the Petition Date.

90.    Plaintiff is informed and believes, and based thereon alleges, that the M. Kimiabakhash Transfers were made to or for the benefit of M. Kimiabakhash as a creditor of the Debtor.

91.    Plaintiff is informed and believes, and based thereon alleges, that the M. Kimiabakhash Transfers were made for or on account of an antecedent debt owing by the Debtor to M. Kimiabakhash before the M. Kimiabakhash Transfers were made.

92.    Plaintiff is informed and believes, and based thereon alleges, that the Debtor made the M. Kimiabakhash Transfers while the Debtor was insolvent.

93.    Plaintiff is informed and believes, and based thereon alleges, that M. Kimiabakhash is an insider of the Debtor.

94.    Plaintiff is informed and believes, and based thereon alleges, that the M. Kimiabakhash Transfers were made to M. Kimiabakhash within one year prior to the Petition Date.

95.    Plaintiff is informed and believes, and based thereon alleges, that the M. Kimiabakhash Transfers enabled M. Kimiabakhash, as a creditor, to receive more than M. Kimiabakhash would have received if the M. Kimiabakhash Transfers had not been made and M. Kimiabakhash was to receive payment on M. Kimiabakhash's claim only to the extent provided by Chapter 7 of the Code.

96.    For the foregoing reasons, pursuant to Section 547(b) of the Code, Plaintiff may avoid the M. Kimiabakhash Transfers.

97.    Furthermore, pursuant to Section 550 of the Code, Plaintiff may recover from M. Kimiabakhash the value of the property transferred under the M. Kimiabakhash Transfers, plus interest thereon at the maximum legal rate from and after the date of each of the M. Kimiabakhash Transfers, in a sum according to proof, which Plaintiff believes not to be less than $86,934.47.

///

///

///

## TENTH CLAIM FOR RELIEF

**[To Avoid and Recover Fraudulent Transfers Against M. Kimiabakhash]**

**[11 U.S.C. §§ 548 and 550]**

98.     Plaintiff pleads this Tenth Claim for Relief in the alternative and repeats, reiterates and realleges each and every allegation contained in paragraphs 1 – 97 hereof with the same force and effect as if fully set forth herein at length.  Plaintiff brings the Tenth Claim for Relief in the event that M. Kimiabakhash asserts that one or more of the M. Kimiabakhash Transfers was not made on account of antecedent debt.

99.     Each of the M. Kimiabakhash Transfers constituted a transfer of an interest of the Debtor in property.

100.     The Debtor: (i) was insolvent on the date that the M. Kimbiabakhash Transfers were made, or became insolvent as a result of such M. Kimbiabakhash Transfers; (ii) was engaged in business or a transaction, or was about to engage in business or a transaction, for which any property remaining with the Debtor was an unreasonably small capital; or (iii) intended to incur, or believed that it would incur, debts that would be beyond the Debtor's ability to pay as such debts matured.

101.     As a result of the foregoing, Plaintiff demands the entry of a judgment avoiding the M. Kimiabakhash Transfers pursuant to Section 548 of the Code.

102.     Furthermore, pursuant to Section 550 of the Code, Plaintiff may recover from M. Kimiabakhash the value of the property transferred under the M. Kimiabakhash Transfers, plus interest thereon at the maximum legal rate from and after the date of each of the M. Kimiabakhash Transfers, in a sum according to proof, which Plaintiff believes not to be less than $86,934.47.

/ / /

/ / /

/ / /

/ / /

/ / /

### ELEVENTH CLAIM FOR RELIEF

**[To Avoid and Recover Preferential Transfers Against S. Kimiabakhash]**

**[11 U.S.C. §§ 547 and 550]**

103.    Plaintiff refers to and, by this reference, incorporates and alleges herein, each and all of the allegations set forth in Paragraphs 1 through 102, inclusive, of this Complaint.

104.    Plaintiff is informed and believes, and based thereon alleges, that each of the S. Kimiabakhash Transfers constituted a transfer of property of the Debtor to S. Kimiabakhash. Plaintiff further is informed and believes, and based thereon alleges, that each of the S. Kimiabakhash Transfers constitutes a "transfer," within the meaning of Section 101(54) of the Code, made within one year prior to the Petition Date.

105.    Plaintiff is informed and believes, and based thereon alleges, that the S. Kimiabakhash Transfers were made to or for the benefit of S. Kimiabakhash as a creditor of the Debtor.

106.    Plaintiff is informed and believes, and based thereon alleges, that the S. Kimiabakhash Transfers were made for or on account of an antecedent debt owing by the Debtor to S. Kimiabakhash before the S. Kimiabakhash Transfers were made.

107.    Plaintiff is informed and believes, and based thereon alleges, that the Debtor made the S. Kimiabakhash Transfers while the Debtor was insolvent.

108.    Plaintiff is informed and believes, and based thereon alleges, that S. Kimiabakhash is an insider of the Debtor.

109.    Plaintiff is informed and believes, and based thereon alleges, that the S. Kimiabakhash Transfers were made to S. Kimiabakhash within one year prior to the Petition Date.

110.    Plaintiff is informed and believes, and based thereon alleges, that the S. Kimiabakhash Transfers enabled S. Kimiabakhash, as a creditor, to receive more than S. Kimiabakhash would have received if the S. Kimiabakhash Transfers had not been made and S. Kimiabakhash was to receive payment on S. Kimiabakhash's claim only to the extent provided by Chapter 7 of the Code.

111.   For the foregoing reasons, pursuant to Section 547(b) of the Code, Plaintiff may avoid the S. Kimiabakhash Transfers.

112.   Furthermore, pursuant to Section 550 of the Code, Plaintiff may recover from S. Kimiabakhash the value of the property transferred under the S. Kimiabakhash Transfers, plus interest thereon at the maximum legal rate from and after the date of each of the S. Kimiabakhash Transfers, in a sum according to proof, which Plaintiff believes not to be less than $122,381.97.

## TWELFTH CLAIM FOR RELIEF

### [To Avoid and Recover Fraudulent Transfers Against S. Kimiabakhash]

### [11 U.S.C. §§ 548 and 550]

113.   Plaintiff pleads this Twelfth Claim for Relief in the alternative and repeats, reiterates and realleges each and every allegation contained in paragraphs 1 – 112 hereof with the same force and effect as if fully set forth herein at length.  Plaintiff brings the Twelfth Claim for Relief in the event that S. Kimiabakhash asserts that one or more of the S. Kimiabakhash Transfers was not made on account of antecedent debt.

114.   Each of the S. Kimiabakhash Transfers constituted a transfer of an interest of the Debtor in property.

115.   The Debtor: (i) was insolvent on the date that the S. Kimbiabakhash Transfers were made, or became insolvent as a result of such S. Kimbiabakhash Transfers; (ii) was engaged in business or a transaction, or was about to engage in business or a transaction, for which any property remaining with the Debtor was an unreasonably small capital; or (iii) intended to incur, or believed that it would incur, debts that would be beyond the Debtor's ability to pay as such debts matured.

116.   As a result of the foregoing, Plaintiff demands the entry of a judgment avoiding the S. Kimiabakhash Transfers pursuant to Section 548 of the Code.

117.   Furthermore, pursuant to Section 550 of the Code, Plaintiff may recover from S. Kimiabakhash the value of the property transferred under the S. Kimiabakhash Transfers, plus

1  interest thereon at the maximum legal rate from and after the date of each of the S.

2  Kimiabakhash Transfers, in a sum according to proof, which Plaintiff believes not to be less than

3  $122,381.97.

4

5  **THIRTEENTH CLAIM FOR RELIEF**

6  **[To Avoid and Recover Preferential Transfers Against the Rastegar Family Trust and**

7  **Solomon Rastegar, individually and as Trustee of Rastegar Family Trust]**

8  **[11 U.S.C. §§ 547 and 550]**

9      118.    Plaintiff refers to and, by this reference, incorporates and alleges herein, each and

10  all of the allegations set forth in Paragraphs 1 through 117, inclusive, of this Complaint.

11      119.    Plaintiff is informed and believes, and based thereon alleges, that each of the

12  Trust Transfers constituted a transfer of property of the Debtor to the Rastegar Family Trust and

13  to Solomon Rastegar, individually and as Trustee of Rastegar Family Trust.  Plaintiff further is

14  informed and believes, and based thereon alleges, that each of the Trust Transfers constitutes a

15  "transfer," within the meaning of Section 101(54) of the Code, made within one year prior to the

16  Petition Date.

17      120.    Plaintiff is informed and believes, and based thereon alleges, that the Trust

18  Transfers were made to or for the benefit of the Rastegar Family Trust and Solomon Rastegar,

19  individually and as Trustee of Rastegar Family Trust, as creditors of the Debtor.

20      121.    Plaintiff is informed and believes, and based thereon alleges, that the Trust

21  Transfers were made for or on account of an antecedent debt owing by the Debtor to the

22  Rastegar Family Trust and Solomon Rastegar, individually and as Trustee of Rastegar Family

23  Trust, before the Trust Transfers were made.

24      122.    Plaintiff is informed and believes, and based thereon alleges, that the Debtor made

25  the Trust Transfers while the Debtor was insolvent.

26      123.    Plaintiff is informed and believes, and based thereon alleges, that Solomon

27  Rastegar, individually and as Trustee of Rastegar Family Trust, and the Rastegar Family Trust

28  are insiders of the Debtor.

124.    Plaintiff is informed and believes, and based thereon alleges, that the Trust Transfers were made to the Rastegar Family Trust and Solomon Rastegar, individually and as Trustee of Rastegar Family Trust within one year prior to the Petition Date.

125.    Plaintiff is informed and believes, and based thereon alleges, that the Trust Transfers enabled the Rastegar Family Trust and Solomon Rastegar, individually and as Trustee of Rastegar Family Trust, as a creditor, to receive more than they would have received if the Trust Transfers had not been made and the Rastegar Family Trust and Solomon Rastegar, individually and as Trustee of Rastegar Family Trust, were to receive payment on their claims only to the extent provided by Chapter 7 of the Code.

126.    For the foregoing reasons, pursuant to Section 547(b) of the Code, Plaintiff may avoid the Trust Transfers.

127.    Furthermore, pursuant to Section 550 of the Code, Plaintiff may recover from the Rastegar Family Trust and Solomon Rastegar, individually and as Trustee of Rastegar Family Trust, the value of the property transferred under the Trust Transfers, plus interest thereon at the maximum legal rate from and after the date of each of the Trust Transfers, in a sum according to proof, which Plaintiff believes not to be less than $735,100.58.

## FOURTEENTH CLAIM FOR RELIEF

**[To Avoid and Recover Fraudulent Transfers Against the Rastegar Family Trust and Solomon Rastegar, individually and as Trustee of Rastegar Family Trust]**

**[11 U.S.C. §§ 548 and 550]**

128.    Plaintiff pleads this Fourteenth Claim for Relief in the alternative and repeats, reiterates and realleges each and every allegation contained in paragraphs 1 – 127 hereof with the same force and effect as if fully set forth herein at length.  Plaintiff brings the Fourteenth Claim for Relief in the event that Solomon Rastegar, individually and as Trustee of Rastegar Family Trust asserts that one or more of the Trust Transfers was not made on account of antecedent debt.

129.    Each of the Trust Transfers constituted a transfer of an interest of the Debtor in property.

130.    The Debtor: (i) was insolvent on the date that the Trust Transfers were made, or became insolvent as a result of such Trust Transfers; (ii) was engaged in business or a transaction, or was about to engage in business or a transaction, for which any property remaining with the Debtor was an unreasonably small capital; or (iii) intended to incur, or believed that it would incur, debts that would be beyond the Debtor's ability to pay as such debts matured.

131.    As a result of the foregoing, Plaintiff demands the entry of a judgment avoiding the Trust Transfers pursuant to Section 548 of the Code.

132.    Furthermore, pursuant to Section 550 of the Code, Plaintiff may recover from the Rastegar Family Trust and Solomon Rastegar, individually and as Trustee of Rastegar Family Trust, the value of the property transferred under the Trust Transfers, plus interest thereon at the maximum legal rate from and after the date of each of the Trust Transfers, in a sum according to proof, which Plaintiff believes not to be less than $735,100.58.

## **CLAIM FOR RELIEF**

### **[Claim Disallowance]**

### **[11 U.S.C. § 502]**

133.    Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs 1 through 132 hereof with the same force and effect as if fully set forth herein at length.

134.    Defendants are transferees of transfers avoidable under either Section 547 or Section 548 of the Code and entities or parties from whom property is recoverable under Section 550 of the Code.

135.    Defendants have not paid the amount of the alleged transfers for which Defendants are liable under Section 550 of the Bankruptcy Code.

136.    Pursuant to 11 U.S.C. § 502(d), any and all Claims of the Defendants against the Plaintiff and/or Debtor's estates must be disallowed until such time as Defendants pay to

1  Plaintiff an amount equal to the aggregate amount of all the transfers alleged herein, plus interest

2  thereon and costs.

3      137.    Pursuant to 11 U.S.C. § 502(j), any and all Claims of the Defendants, and/or their

4  assignee, against the Plaintiff and/or Debtor's estates previously allowed by the Debtor or the

5  Plaintiff, must be reconsidered and disallowed until such time as the Defendants pay to the

6  Plaintiff an amount equal to the aggregate amount of all the transfers alleged herein, plus interest

7  thereon and costs.

8

9                              **PRAYER FOR RELIEF**

10    **WHEREFORE**, Plaintiff prays for judgment against the Defendants as follows:

11    1.    For a judgment that the Sharaheh Rastegar Transfers are avoidable as preferential

12  transfers under 11 U.S.C. § 547 and that recovery therefore be awarded pursuant to 11 U.S.C.

13  § 550(a), in an amount of not less than $2,095,969.98, the exact amount to be proven at trial, plus

14  interest at the legal rate from the date of the Sharaheh Rastegar Transfers;

15    2.    For a judgment that the Sharaheh Rastegar Transfers are avoidable under 11 U.S.C.

16  § 548 and that recovery therefore be awarded pursuant to 11 U.S.C. § 550(a), in an amount of not

17  less than $2,095,969.98, the exact amount to be proven at trial, plus interest at the legal rate from

18  the date of the Sharaheh Rastegar Transfers;

19    3.    For a judgment that the R. Rastegar Transfers are avoidable as preferential transfers

20  under 11 U.S.C. § 547 and that recovery therefore be awarded pursuant to 11 U.S.C. § 550(a), in

21  an amount of not less than $474,640.58, the exact amount to be proven at trial, plus interest at the

22  legal rate from the date of the R. Rastegar Transfers;

23    4.    For a judgment that the R. Rastegar Transfers are avoidable under 11 U.S.C. § 548

24  and that recovery therefore be awarded pursuant to 11 U.S.C. § 550(a), in an amount of not less

25  than $474,640.58, the exact amount to be proven at trial, plus interest at the legal rate from the

26  date of the R. Rastegar Transfers;

27    5.    For a judgment that the M. Rastegar Transfers are avoidable as preferential transfers

28  under 11 U.S.C. § 547 and that recovery therefore be awarded pursuant to 11 U.S.C. § 550(a), in

1   an amount of not less than $43,038.89, the exact amount to be proven at trial, plus interest at the

2   legal rate from the date of the M. Rastegar Transfers;

3        6.    For a judgment that the M. Rastegar Transfers are avoidable under 11 U.S.C. § 548

4   and that recovery therefore be awarded pursuant to 11 U.S.C. § 550(a), in an amount of not less

5   than $43,038.89, the exact amount to be proven at trial, plus interest at the legal rate from the

6   date of the M. Rastegar Transfers;

7        7.    For a judgment that the J. Kimiabakhash Transfers are avoidable as preferential

8   transfers under 11 U.S.C. § 547 and that recovery therefore be awarded pursuant to 11 U.S.C.

9   § 550(a), in an amount of not less than $82,335.59, the exact amount to be proven at trial, plus

10  interest at the legal rate from the date of the J. Kimiabakhash Transfers;

11       8.    For a judgment that the J. Kimiabakhash Transfers are avoidable under 11 U.S.C.

12  § 548 and that recovery therefore be awarded pursuant to 11 U.S.C. § 550(a), in an amount of not

13  less than $82,335.59, the exact amount to be proven at trial, plus interest at the legal rate from

14  the date of the J. Kimiabakhash Transfers;

15       9.    For a judgment that the M. Kimiabakhash Transfers are avoidable as preferential

16  transfers under 11 U.S.C. § 547 and that recovery therefore be awarded pursuant to 11 U.S.C.

17  § 550(a), in an amount of not less than $86,934.47, the exact amount to be proven at trial, plus

18  interest at the legal rate from the date of the M. Kimiabakhash Transfers;

19       10.   For a judgment that the M. Kimiabakhash Transfers are avoidable under 11 U.S.C.

20  § 548 and that recovery therefore be awarded pursuant to 11 U.S.C. § 550(a), in an amount of not

21  less than $86,934.47, the exact amount to be proven at trial, plus interest at the legal rate from

22  the date of the M. Kimiabakhash Transfers;

23       11.   For a judgment that the S. Kimiabakhash Transfers are avoidable as preferential

24  transfers under 11 U.S.C. § 547 and that recovery therefore be awarded pursuant to 11 U.S.C.

25  § 550(a), in an amount of not less than $122,381.97, the exact amount to be proven at trial, plus

26  interest at the legal rate from the date of the S. Kimiabakhash Transfers;

27       12.   For a judgment that the S. Kimiabakhash Transfers are avoidable under 11 U.S.C.

28  § 548 and that recovery therefore be awarded pursuant to 11 U.S.C. § 550(a), in an amount of not

1   less than $122,381.97, the exact amount to be proven at trial, plus interest at the legal rate from

2   the date of the S. Kimiabakhash Transfers;

3          13.  For a judgment that the Trust Transfers are avoidable as preferential transfers under

4   11 U.S.C. § 547 and that recovery therefore be awarded pursuant to 11 U.S.C. § 550(a), in an

5   amount of not less than $735,100.58, the exact amount to be proven at trial, plus interest at the

6   legal rate from the date of the Trust Transfers;

7          14.  For a judgment that the Trust Transfers are avoidable under 11 U.S.C. § 548 and that

8   recovery therefore be awarded pursuant to 11 U.S.C. § 550(a), in an amount of not less than

9   $735,100.58, the exact amount to be proven at trial, plus interest at the legal rate from the date of

10  the Trust Transfers;

11         15.  Disallowing Defendants' Claims against the Debtor;

12         16.  For costs of suit incurred herein; and

13         17.  For such other relief as the Court deems just and proper.

14

15  DATED:   January 29, 2011                    **EZRA BRUTZKUS GUBNER LLP**

16

17                                       By: _____
                                             ROBYN B. SOKOL
18                                           DANIEL H. GILL
                                             Special Counsel for Bradley D. Sharp,
19                                           Chapter 11 Trustee

20

21

22

23

24

25

26

27

28

Bankruptcy Estate of Namco Capital Group
1-Year Preference Analysis

321.76 · Rastegar, Sharaheh

| Item # | Type | Date | Check Number | Disbursement |
|--------|------|------|--------------|--------------|
| 1 | Check | 12/31/07 | 35591 | $  13,333.33 |
| 2 | Check | 01/31/08 | 36000 | 13,333.33 |
| 3 | Check | 02/29/08 | 36420 | 13,333.33 |
| 4 | Check | 03/31/08 | 36845 | 13,333.33 |
| 5 | Check | 04/30/08 | 37282 | 13,333.33 |
| 6 | Check | 05/31/08 | 37733 | 13,333.33 |
| 7 | Check | 06/30/08 | 38185 | 13,333.33 |
| 8 | Check | 07/07/08 | Wire Out | 2,000,000.00 |
| 9 | Check | 07/31/08 | 38635 | 2,636.67 |
| | | | | $  2,095,969.98 |

# EXHIBIT "A"     25

Bankruptcy Estate of Namco Capital Group
1-Year Preference Analysis

313.92 · Rastegar, Roxana

| Item # | Type | Date | Check Number | Disbursement |
|---|---|---|---|---|
| 1 | Check | 12/31/07 | 35590 | $ 28,533.33 |
| 2 | Check | 01/31/08 | 35999 | 35,784.44 |
| 3 | Check | 02/05/08 | 53358 | 28,564.45 |
| 4 | Check | 02/29/08 | 36419 | 50,066.67 |
| 5 | Check | 03/31/08 | 36844 | 50,066.67 |
| 6 | Check | 04/30/08 | 37281 | 50,066.67 |
| 7 | Check | 05/31/08 | 37732 | 50,066.67 |
| 8 | Check | 06/30/08 | 38184 | 50,066.67 |
| 9 | Check | 07/31/08 | 38634 | 50,066.67 |
| 10 | Check | 08/31/08 | 39067 | 50,066.67 |
| 11 | Check | 10/06/08 | 55117 | 31,291.67 |
| | | | | $ 474,640.58 |

# EXHIBIT "B"          26

Bankruptcy Estate of Namco Capital Group
1-Year Preference Analysis

313.43 · Rastegar, Mahi

| Item # | Type | Date | Check Number | Disbursement |
|--------|------|------|--------------|--------------|
| 1 | Check | 12/31/07 | 35588 | $ 4,333.33 |
| 2 | Check | 01/31/08 | 35997 | 4,333.33 |
| 3 | Check | 02/29/08 | 36417 | 4,333.33 |
| 4 | Check | 03/31/08 | 36843 | 4,333.33 |
| 5 | Check | 04/30/08 | 37280 | 4,333.33 |
| 6 | Check | 05/31/08 | 37731 | 4,455.56 |
| 7 | Check | 06/30/08 | 38183 | 4,666.67 |
| 8 | Check | 07/31/08 | 38633 | 4,666.67 |
| 9 | Check | 08/31/08 | 39066 | 4,666.67 |
| 10 | Check | 09/29/08 | 55022 | 2,916.67 |
| | | | | $ 43,038.89 |

# EXHIBIT "C"          27

Bankruptcy Estate of Namco Capital Group
1-Year Preference Analysis

321.32 · Kimiabakhash, Jessica

| Item # | Type | Date | Check Number | Disbursement |
|--------|------|------|--------------|--------------|
| 1 | Check | 12/31/07 | 35460 | $    2,666.67 |
| 2 | Check | 01/31/08 | 35868 | 10,535.56 |
| 3 | Check | 02/29/08 | 36281 | 9,066.67 |
| 4 | Check | 03/31/08 | 36702 | 9,066.67 |
| 5 | Check | 04/30/08 | 37137 | 9,066.67 |
| 6 | Check | 05/31/08 | 37584 | 9,066.67 |
| 7 | Check | 06/30/08 | 38037 | 9,066.67 |
| 8 | Check | 07/31/08 | 38494 | 9,066.67 |
| 9 | Check | 08/31/08 | 38930 | 9,066.67 |
| 10 | Check | 09/29/08 | 39742 | 5,666.67 |
|  |  |  |  | $    82,335.59 |

# EXHIBIT "D"            28

Bankruptcy Estate of Namco Capital Group
1-Year Preference Analysis

321.46 · Kimiabakhash, Michele

| Item # | Type | Date | Check Number | Disbursement |
|--------|------|------|--------------|--------------|
| 1 | Check | 12/31/07 | 35461 | $ 3,066.67 |
| 2 | Check | 01/31/08 | 35869 | 11,684.44 |
| 3 | Check | 02/29/08 | 36282 | 9,466.67 |
| 4 | Check | 03/31/08 | 36703 | 9,466.67 |
| 5 | Check | 04/30/08 | 37138 | 9,466.67 |
| 6 | Check | 05/31/08 | 37585 | 9,466.67 |
| 7 | Check | 06/30/08 | 38038 | 9,466.67 |
| 8 | Check | 07/31/08 | 38495 | 9,466.67 |
| 9 | Check | 08/31/08 | 38931 | 9,466.67 |
| 10 | Check | 09/29/08 | 39743 | 5,916.67 |
| | | | | $ 86,934.47 |

# EXHIBIT "E"       29

Bankruptcy Estate of Namco Capital Group
1-Year Preference Analysis

321.47 · Kimiabakhash, Shabnam

| Item # | Type | Date | Check Number | Disbursement |
|--------|------|------|--------------|--------------|
| 1 | Check | 12/31/07 | 35462 | $    10,284.44 |
| 2 | Check | 01/31/08 | 35870 | 13,226.67 |
| 3 | Check | 02/29/08 | 36283 | 12,966.67 |
| 4 | Check | 03/31/08 | 36704 | 12,966.67 |
| 5 | Check | 04/30/08 | 37139 | 12,966.67 |
| 6 | Check | 05/31/08 | 37586 | 12,966.67 |
| 7 | Check | 06/30/08 | 38039 | 12,966.67 |
| 8 | Check | 07/31/08 | 38496 | 12,966.67 |
| 9 | Check | 08/31/08 | 38932 | 12,966.67 |
| 10 | Check | 09/29/08 | 39744 | 8,104.17 |
| | | | | $    122,381.97 |

# EXHIBIT "F"    30

Bankruptcy Estate of Namco Capital Group
1-Year Preference Analysis

313.21 · Rastegar Family Trust

| Item # | Type | Date | Check Number | Disbursement |
|--------|------|------|--------------|-------------:|
| 1 | Check | 12/31/07 | 35589 | $  47,666.67 |
| 2 | Check | 01/31/08 | 35998 | 13,886.67 |
| 3 | Check | 02/06/08 | 53373 | 400,000.00 |
| 4 | Check | 02/29/08 | 36418 | 33,066.67 |
| 5 | Check | 03/18/08 | 53646 | 6,788.89 |
| 6 | Check | 03/31/08 | 36846 | 33,600.00 |
| 7 | Check | 04/30/08 | 37283 | 33,600.00 |
| 8 | Check | 05/31/08 | 37734 | 33,600.00 |
| 9 | Check | 06/30/08 | 38186 | 35,066.67 |
| 10 | Check | 08/20/08 | 54661 | 37,266.67 |
| 11 | Check | 08/31/08 | 39065 | 37,266.67 |
| 12 | Check | 10/06/08 | 55118 | 23,291.67 |
| | | | | $  735,100.58 |

# EXHIBIT "G"      31

| Attorney or Party Name, Address, Telephone & FAX Numbers, and California State Bar Number | FOR COURT USE ONLY |
|---|---|
| ROBYN B. SOKOL - SBN 159506<br>DANIEL H. GILL - SBN 156045<br>EZRA BRUTZKUS GUBNER LLP<br>21650 Oxnard Street, Suite 500<br>Woodland Hills, CA 91367<br>Telephone: 818-827-9000<br>Facsimile:  818-827-9099<br>Emails:  rsokol@ebg-law.com; dgill@egb-law.com<br><br>*Attorney for Plaintiff* Bradley D. Sharp, Chapter 11 Trustee | |

### UNITED STATES BANKRUPTCY COURT
### CENTRAL DISTRICT OF CALIFORNIA

| In re:<br><br>    NAMCO CAPITAL GROUP, INC., a California corporation,<br><br>Debtor. | CHAPTER   11  <br><br>CASE NUMBER  2:08-bk-32333-BR<br><br>ADVERSARY NUMBER |
|---|---|
| BRADLEY D. SHARP, Chapter 11 Trustee,<br>Plaintiff(s),<br><br>vs.<br><br>SHARAHEH RASTEGAR, an individual;<br>(SEE ATTACHMENT FOR ADDITIONAL DEFENDANTS)     Defendant(s). | *(The Boxes and Blank Lines below are for the Court's Use Only) (Do Not Fill Them In)*<br><br>**SUMMONS AND NOTICE OF STATUS CONFERENCE** |

TO THE DEFENDANT:  A Complaint has been filed by the Plaintiff against you.  If you wish to defend yourself, you must file with the Court a written pleading, in duplicate, in response to the Complaint.  You must also send a copy of your written response to the party shown in the upper left-hand corner of this page.  Unless you have filed in duplicate and served a responsive pleading by _____, the Court may enter a judgment by default against you for the relief demanded in the Complaint.

A Status Conference on the proceeding commenced by the Complaint has been set for:

| **Hearing Date:** | **Time:** | **Courtroom:** | **Floor:** |
|---|---|---|---|
| ❑  **255 East Temple Street, Los Angeles** | | ❑  **411 West Fourth Street, Santa Ana** | |
| ❑  **21041 Burbank Boulevard, Woodland Hills** | | ❑  **1415 State Street, Santa Barbara** | |
| ❑  **3420 Twelfth Street, Riverside** | | | |

PLEASE TAKE NOTICE that if the trial of the proceeding is anticipated to take less than two (2) hours, the parties may stipulate to conduct the trial of the case on the date specified, instead of holding a Status Conference.  Such a stipulation must be lodged with the Court at least two (2) Court days before the date set forth above and is subject to Court approval.  The Court may continue the trial to another date if necessary to accommodate the anticipated length of the trial.

**KATHLEEN J. CAMPBELL**
**Clerk of Court**

Date of Issuance: _____

By: _____
         *Deputy Clerk*

---

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*February 2010 (COA-SA)*

## F 7004-1

| In Re:<br>NAMCO CAPITAL GROUP, INC., a California corporation, | CASE NUMBER:<br>2:08-bk-32333-BR |
| --- | --- |

## ATTACHMENT TO SUMMONS AND NOTICE OF STATUS CONFERENCE

Defendants:

ROXANA RASTEGAR, an individual; MAHI RASTEGAR, an individual; JESSICA KIMIABAKHASH, an individual; MICHELE KIMIABAKHASH, an individual; SHABNAM KIMIABAKHASH, an individual; SOLOMON RASTEGAR, individually and as Trustee of RASTEGAR FAMILY TRUST; and RASTEGAR FAMILY TRUST.

BK-9000

B104 (FORM 104) (08/07)

| ADVERSARY PROCEEDING COVER SHEET (Instructions on Reverse) | ADVERSARY PROCEEDING NUMBER (Court Use Only) |
|---|---|

**PLAINTIFFS**
BRADLEY D. SHARP, CHAPTER 11 TRUSTEE

**DEFENDANTS** SHARAHEH RASTEGAR, an individual; ROXANA RASTEGAR, an individual; MAHI RASTEGAR, an individual; JESSICA KIMIABAKHASH, an individual; MICHELE KIMIABAKHASH, an individual; SHABNAM KIMIABAKHASH, an individual; SOLOMON RASTEGAR, individually and as Trustee of RASTEGAR FAMILY TRUST; and RASTEGAR

**ATTORNEYS** (Firm Name, Address, and Telephone No.)
Robyn B. Sokol (SBN 159506)
Ezra Brutzkus Gubner LLP
21650 Oxnard Street, Suite 500
Woodland Hills, CA  91367
(818) 827-9000

**ATTORNEYS** (If Known)  FAMILY TRUST

**PARTY** (Check One Box Only)
- [ ] Debtor
- [ ] Creditor
- [X] Trustee
- [ ] U.S. Trustee/Bankruptcy Admin
- [ ] Other

**PARTY** (Check One Box Only)
- [ ] Debtor
- [ ] Creditor
- [ ] Trustee
- [ ] U.S. Trustee/Bankruptcy Admin
- [X] Other

**CAUSE OF ACTION** (WRITE A BRIEF STATEMENT OF CAUSE OF ACTION, INCLUDING ALL U.S. STATUTES INVOLVED)

COMPLAINT TO AVOID AND RECOVER PREFERENTIAL TRANSFERS
PURSUANT TO 11 U.S.C. §§ 547(b), 548(a), 550 and 502

---

## NATURE OF SUIT
(Number up to five (5) boxes starting with lead cause of action as 1, first alternative cause as 2, second alternative cause as 3, etc.)

**FRBP 7001(1) – Recovery of Money/Property**
- [ ] 11-Recovery of money/property - §542 turnover of property
- [1] 12-Recovery of money/property - §547 preference
- [2] 13-Recovery of money/property - §548 fraudulent transfer
- [3] 14-Recovery of money/property - other

**FRBP 7001(2) – Validity, Priority or Extent of Lien**
- [ ] 21-Validity, priority or extent of lien or other interest in property

**FRBP 7001(3) – Approval of Sale of Property**
- [ ] 31-Approval of sale of property of estate and of a co-owner - §363(h)

**FRBP 7001(4) – Objection/Revocation of Discharge**
- [ ] 41-Objection / revocation of discharge - §727(c),(d),(e)

**FRBP 7001(5) – Revocation of Confirmation**
- [ ] 51-Revocation of confirmation

**FRBP 7001(6) – Dischargeability**
- [ ] 66-Dischargeability - §523(a)(1),(14),(14A) priority tax claims
- [ ] 62-Dischargeability – §523(a)(2), false pretenses, false representation, actual fraud
- [ ] 67-Dischargeability – §523(a)(4), fraud as fiduciary, embezzlement, larceny

(continued next column)

**FRBP 7001(6) – Dischargeability (continued)**
- [ ] 61-Dischargeability - §523(a)(5), domestic support
- [ ] 68-Dischargeability - §523(a)(6), willful and malicious injury
- [ ] 63-Dischargeability - §523(a)(8), student loan
- [ ] 64-Dischargeability - §523(a)(15), divorce or separation obligation (other than domestic support)
- [ ] 65-Dischargeability - other

**FRBP 7001(7) – Injunctive Relief**
- [ ] 71-Injunctive relief – imposition of stay
- [ ] 72-Injunctive relief – other

**FRBP 7001(8) Subordination of Claim or Interest**
- [ ] 81-Subordination of claim or interest

**FRBP 7001(9) Declaratory Judgment**
- [ ] 91-Declaratory judgment

**FRBP 7001(10) Determination of Removed Action**
- [ ] 01-Determination of removed claim or cause

**Other**
- [ ] SS-SIPA Case - 15 U.S.C. §§78aaa et.seq.
- [ ] 02-Other (e.g. other actions that would have been brought in state court if unrelated to bankruptcy case)

| [ ] Check if this case involves a substantive issue of state law | [ ] Check if this is asserted to be a class action under FRCP 23 |
|---|---|
| [ ] Check if a jury trial is demanded in complaint | Demand  $ 3,640,402.06 |

Other Relief Sought

B104

B104 (FORM 104) (08/07), Page 2

| BANKRUPTCY CASE IN WHICH THIS ADVERSARY PROCEEDING ARISES | | |
|---|---|---|
| NAME OF DEBTOR<br>NAMCO CAPITAL GROUP, INC., a California corporation | BANKRUPTCY CASE NO.<br>2:08-bk-32333-BR | |
| DISTRICT IN WHICH CASE IS PENDING<br>CENTRAL DISTRICT | DIVISION OFFICE<br>LOS ANGELES | NAME OF JUDGE<br>HON. BARRY RUSSELL |

| RELATED ADVERSARY PROCEEDING (IF ANY) | | |
|---|---|---|
| PLAINTIFF | DEFENDANT | ADVERSARY<br>PROCEEDING NO. |
| DISTRICT IN WHICH ADVERSARY IS PENDING | DIVISION OFFICE | NAME OF JUDGE |

| SIGNATURE OF ATTORNEY (OR PLAINTIFF) | |
|---|---|
| /s/ Robyn B. Sokol | |
| DATE<br>January 28, 2011 | PRINT NAME OF ATTORNEY (OR PLAINTIFF)<br>ROBYN B. SOKOL |

# INSTRUCTIONS

The filing of a bankruptcy case creates an "estate" under the jurisdiction of the bankruptcy court which consists of all of the property of the debtor, wherever that property is located. Because the bankruptcy estate is so extensive and the jurisdiction of the court so broad, there may be lawsuits over the property or property rights of the estate. There also may be lawsuits concerning the debtor's discharge. If such a lawsuit is filed in a bankruptcy court, it is called an adversary proceeding.

A party filing an adversary proceeding must also must complete and file Form 104, the Adversary Proceeding Cover Sheet, unless the party files the adversary proceeding electronically through the court's Case Management/Electronic Case Filing system (CM/ECF). (CM/ECF captures the information on Form 104 as part of the filing process.) When completed, the cover sheet summarizes basic information on the adversary proceeding. The clerk of court needs the information to process the adversary proceeding and prepare required statistical reports on court activity.

The cover sheet and the information contained on it do not replace or supplement the filing and service of pleadings or other papers as required by law, the Bankruptcy Rules, or the local rules of court. The cover sheet, which is largely self-explanatory, must be completed by the plaintiff's attorney (or by the plaintiff if the plaintiff is not represented by an attorney). A separate cover sheet must be submitted to the clerk for each complaint filed.

**Plaintiffs** and **Defendants.** Give the names of the plaintiffs and defendants exactly as they appear on the complaint.

**Attorneys.** Give the names and addresses of the attorneys, if known.

**Party.** Check the most appropriate box in the first column for the plaintiffs and the second column for the defendants.

**Demand.** Enter the dollar amount being demanded in the complaint.

**Signature.** This cover sheet must be signed by the attorney of record in the box on the second page of the form. If the plaintiff is represented by a law firm, a member of the firm must sign. If the plaintiff is pro se, that is, not represented by an attorney, the plaintiff must sign.