1 | BRUCE BENNETT (SBN 105430)
2 | MONIKA WIENER (SBN 211467)
  | DEWEY & LEBOEUF LLP
3 | 333 South Grand Avenue
  | Suite 2600
4 | Los Angeles, CA 90071-1530
  | Telephone: (213) 621-6000
5 | Facsimile: (213) 621-6100

6 | Attorneys for Defendants Roxana Rastegar,
  | Mahi Rastegar, Jessica Kimiabakhash, Michele
7 | Kimiabakhash, Shabnam Kimiabakhash,
  | Solomon Rastegar, and the Rastegar Family
  | Trust

## IN THE UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA

## LOS ANGELES DIVISION

| | |
|---|---|
| In re | Case No. 2:08-bk-32333-BR |
| NAMCO CAPITAL GROUP, Inc., | Chapter 11 |
| Debtor, | Adversary Proceeding No. 2:11-ap-01397-BR |
| BRADLEY D. SHARP, CHAPTER 11 TRUSTEE, | **MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION OF DEFENDANTS ROXANA RASTEGAR, MAHI RASTEGAR, JESSICA KIMIABAKHASH, MICHELE KIMIABAKHASH, SHABNAM KIMIABAKHASH, SOLOMON RASTEGAR, AND THE RASTEGAR FAMILY TRUST TO DISMISS THE FIRST AMENDED COMPLAINT TO AVOID AND RECOVER PREFERENTIAL TRANSFERS PURSUANT TO 11 U.S.C. §§ 547(b), 548(a), 550, AND 502** |
| Plaintiff, | |
| vs. | |
| SHARAHEH RASTEGAR; ROXANA RASTEGAR, MAHI RASTEGAR; JESSICA KIMIABAKHASH; MICHELE KIMIABAKHASH; SHABNAM KIMIABAKHASH; SOLOMON RASTEGAR; individually and as Trustee of RASTEGAR FAMILY TRUST, and RASTEGAR FAMILY TRUST | |
| Defendants, | Date: [To be set] |
| | Time: [To be set] |
| | Location: Courtroom 1668 |
| | Edward R. Roybal Federal Building and Courthouse |
| | 255 East Temple Street |
| | Los Angeles, CA 90012 |

In support of the *Motion Of Defendants Roxana Rastegar, Mahi Rastegar, Jessica Kimiabakhash, Michele Kimiabakhash, Shabnam Kimiabakhash, Solomon Rastegar, And The Rastegar Family Trust To Dismiss The First Amended Complaint To Avoid And Recover Preferential Transfers Pursuant To 11 U.S.C. §§ 547(B), 548(A), 550, And 502* (the "Motion") filed concurrently herewith, Defendants Roxana Rastegar ("Roxana"), Mahi Rastegar ("Mahi"), Jessica Kimiabakhash ("Jessica"), Michele Kimiabakhash ("Michele"), Shabnam Kimiabakhash ("Shabnam"), Solomon Rastegar, individually and in his capacity as trustee of the Rastegar Family Trust ("Solomon"), and the Rastegar Family Trust (the "Trust" and, collectively with Roxana, Mahi, Jessica, Michele, Shabnam and Solomon, the "Family") hereby submit this Memorandum of Points and Authorities.[1]

## INTRODUCTION

By this action, Plaintiff seeks to recover over $1.5 million in alleged transfers to the Family made by chapter 11 debtor Namco Capital Group, Inc. ("Debtor" or "Namco") during the year preceding its bankruptcy filing.[2] Notably, only a small fraction of this amount (less than $50,000) relates to transfers that are alleged to have occurred within the 90-day preference period applicable to non-insiders of the Debtor. Plaintiff therefore relies upon allegations that each of the Family members is an "insider" as that term is defined under applicable law, and therefore subject to a one-year reachback period for recovery of preferential transfers. Specifically, Plaintiff alleges that because of a purported "special relationship" with Namco's president and sole shareholder, Ezri Namvar ("Namvar"), the defendant Family members are insiders of the Debtor. However, Plaintiff has failed to allege facts that could, if proven, actually support a finding of statutory or non-statutory insider status for Solomon or any other member of the Family, and Plaintiff's claims should therefore be dismissed with prejudice to the extent that they seek to recover alleged "insider" transfers.

---

[1] The remaining defendant, Sharareh Rastegar ("Sharareh"), is represented by separate counsel and will also file a motion to dismiss Plaintiff's claims against her ("Sharareh's Motion to Dismiss"). The defendant Family members represented by the undersigned counsel hereby join in, and incorporate by reference, the arguments made in Sharareh's Motion to Dismiss to the extent that such arguments are also applicable to them.

[2] This amount does not include an alleged transfer of over $2 million to Sharareh that Plaintiff also seeks to recover by this action.

1

**PROCEDURAL BACKGROUND**

Namco's bankruptcy case was commenced on or about December 22, 2008 (the "Petition Date"), when an involuntary petition was filed for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code"). Plaintiff is the duly appointed chapter 11 trustee of Namco.

On January 29, 2011, Plaintiff commenced the above adversary action against each of the defendants by filing an adversary complaint seeking recovery of preferential transfers pursuant to 11 U.S.C. §§ 547(B), 548(A), 550, and 502 (the "Original Complaint").

By stipulation of the parties, the deadline for the defendants to answer or otherwise respond to the Original Complaint was initially extended to April 8, 2011. Thereafter, pursuant to further discussions among the parties, it was stipulated that Plaintiff would file an amended complaint on or before May 24, 2011, and defendants would have until June 14, 2011 to answer or otherwise respond to such amended complaint. The Court approved the parties stipulation by order entered on April 25, 2011. Accordingly, Plaintiff filed the *First Amended Complaint To Avoid And Recover Preferential Transfers Pursuant To 11 U.S.C. §§ 547(B), 548(A), 550, And 502* ("FAC") on May 24, 2011, and the Family members hereby submit their response.

The initial status conference in this matter is presently set for July 12, 2011.

**ARGUMENT**

Plaintiff alleges that "[b]ecause of the Family's and Solomon Rastegar's special relationship with Namvar and Namvar's position with the Debtor and Solomon Rastegar's relationship with the Defendants as the gatekeeper to the Family money, Defendants are insiders of the Debtor within the meaning of § 101(31)(B) and (E) of the Bankruptcy Code and/or are nonstatutory insiders pursuant to applicable bankruptcy case law." FAC ¶30. However, taking each of the alleged legal bases for insider status in turn, it becomes clear that Plaintiff has not (and cannot) allege facts which, if proven, would support Plaintiff's allegation that the defendant Family members are insiders of Namco.[3]

---

[3] It is presumed that the relevant legal standards with respect to a motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure are well known to the Court, and in any event they are fully set forth in Sharareh's Motion to Dismiss, and so are not repeated here.

2

A. <u>Plaintiff Has Alleged No Facts In Support Of The Allegation That The Defendant Family Members Are Statutory Insiders of Namco Pursuant to § 101(31)(B)</u>

The FAC alleges that the Debtor, Namco, is a California corporation. FAC at 1. For a debtor that is a corporation, the term "insider" expressly includes the following:

(i) director of the debtor,

(ii) officer of the debtor,

(iii) person in control of the debtor,

(iv) partnership in which the debtor is a general partner;

(v) general partner of the debtor; or

(vi) relative of a general partner, director, officer, or person in control of the debtor.

11 U.S.C. § 101(31)(B). Plaintiff has not alleged anywhere in the FAC (nor could he) that *any* of the defendants is a director, officer, person in control, general partner, or relative of the above with respect to the debtor, Namco. Rather, Plaintiff has alleged that Namvar "was the President, sole director and sole Shareholder of the Debtor and controlled the Debtor in all respects." FAC ¶ 29. Accordingly, even assuming that all of the other allegations of the FAC are true, Plaintiff's allegation that the defendants (or any of them) are statutory insiders pursuant to section 101(31)(B) fails as a matter of law.

B. <u>Plaintiff Has Alleged No Facts In Support of the Allegation That The Defendant Family Members Are Affiliates of Namco, or Insiders of An Affiliate, Pursuant to §101(31)(E)</u>

Section 101(31)(E) of the Bankruptcy Code states that the term "insider" includes an "affiliate, or insider of an affiliate as if such affiliate were the debtor." 11 U.S.C § 101(31)(E). Under each of the various definitions for "affiliate" set forth in section 101(2) of the Bankruptcy Code, however, it is plain that neither Solomon nor any of the other defendant members of the Family is an affiliate of the Debtor, Namco. The FAC does not allege that any of the defendant Family members owned any shares in, or exercised any authority or control whatsoever over Namco. Rather, as noted above, the FAC alleges that Namvar "was the President, sole Director, and sole Shareholder of the Debtor and controlled the Debtor in all respects." FAC¶ 29.

3

Thus, Section 101(31)(E) only applies to the extent that Solomon or other Family members are insiders of a Namco affiliate, "as if such affiliate were the debtor." 11 U.S.C. § 101(31)(E). In this regard, the FAC alleges that "Ezri Namvar was a limited partner or member of a number of entities and/or in which the Defendants were limited partners or members." FAC ¶ 19. It goes on to allege the existence of the following entities: "(a) Flow 7, LLC in which Solomon Rastegar owns a 50% interest and Ezri Namvar owns a 50% interest; (b) Amona, Inc. in which Ezri Namvar's children own a 50% interest and the Family owns a 50% interest; and (c) Wall Street Mart, L.P. a California Limited Partnership in which the limited partnership interests were held 49% by Ezri Namvar and 49% by Rastegar Family members." *Id.*

As an initial matter, the FAC does not allege that Namco (as opposed to Namvar) has *any* interest in any of the above entities, or that Namco was in any way responsible for their operation or management. Furthermore, Plaintiff does *not* allege that Namco was the alter ego of Ezri Namvar, or that Namco and Namvar were one and the same entity.[4] For this reason alone, Plaintiff's allegations do not plausibly support that any of these entities is or was affiliated with Namco.

Section 101(2) states that the term "affiliate" means:

> (A) entity that directly or indirectly owns, controls, or holds with power to vote, 20 percent or more of the outstanding voting securities of the debtor, other than an entity that holds such securities—
>
> (i) in a fiduciary or agency capacity without sole discretionary power to vote such securities; or
>
> (ii) solely to secure a debt, if such entity has not in fact exercised such power to vote;
>
> (B) corporation 20 percent or more of whose outstanding voting securities are directly or indirectly owned, controlled, or held with power to vote, by the debtor, or by an entity that directly or indirectly owns, controls, or holds with power to vote, 20 percent or more of the outstanding voting securities of the debtor, other than an entity that holds such securities—
>
> (i) in a fiduciary or agency capacity without sole discretionary power to vote such securities; or
>
> (ii) solely to secure a debt, if such entity has not in fact exercised such power to vote;

---

[4] Such an allegation would be fundamentally inconsistent with the fact that the bankruptcy estates of Namco and Namvar are being separately administered and not substantively consolidated.

   (C) person whose business is operated under a lease or operating agreement by a debtor, or person substantially all of whose property is operated under an operating agreement with the debtor; or

   (D) entity that operates the business or substantially all of the property of the debtor under a lease or operating agreement.

11 U.S.C. § 101(2). The first entity identified by Plaintiff, Flow 7, LLC ("Flow 7"), is alleged to be owned 50% by Solomon Rastegar and 50% by Ezri Namvar. FAC ¶19. It is not alleged that Flow 7 holds any Namco securities, so section 101(2)(A) is plainly inapplicable. Section 101(2)(B) is likewise inapplicable, because Flow 7 is a limited liability company, not a corporation. With respect to sections 101(2)(C) and (D), Plaintiff does not allege that Flow 7's business was operated by Namco (or even Namvar) under a lease or operating agreement, nor does he allege that Flow 7 operated Namco's business under a lease or operating agreement. Thus, based upon the allegations of the FAC, there is no plausible basis to conclude that Flow 7 is an affiliate of Namco or Namvar.

  With respect to Amona, Inc. ("Amona"), Plaintiff alleges that the children of Ezri Namvar collectively own 50%, and the Family collectively owns a 50% interest. FAC ¶19. Once again, section 101(2)(A) is inapplicable as it is not alleged that Amona owns any securities of Namco. Section 101(2)(B) is also inapplicable, because it is not alleged that Namco (or even Namvar) owns, controls, or holds with power to vote, 20 percent or more of the outstanding voting securities of Amona. Further, there is no allegation that Amona operated Namco's business so section 101(C) does not apply. As for section 101(2)(D), there is no allegation that Namco operates the business of Amona under a lease or operating agreement either.

  Finally, with respect to Wall Street Mart, L.P. ("Wall Street"), the FAC alleges that the limited partnership interests "were held 49% by Ezri Namvar and 49% by Rastegar family members." FAC ¶ 20. Although the FAC does not specify when such interests were held, the FAC does not allege any facts to suggest that Wall Street is affiliated with Namco within the meaning of section 101(2), because it, like the other entities, is not alleged to own any securities of Namco (or vice versa), nor is there an allegation that WSM operated Namco's business (or vice versa) pursuant to a lease or operating agreement.

  The above analysis reveals that despite having had months in which to amend his Complaint,

Plaintiff still cannot plead facts sufficient to support the conclusion that Solomon or any of his Family members are statutory insiders pursuant to sections 101(B) or (E) as alleged in the FAC.

### C. The FAC Does Not Allege Facts In Support Of The Allegation That The Defendant Family Members Are Non-Statutory Insiders

Plaintiff also alleges, of course, that the Family members are non-statutory insiders because they "had a personal, professional and business relationship [with the Debtor] that was sufficiently close enough for Defendants to gain an advantage attributable to affinity." FAC ¶ 31. However, the FAC does not allege any facts to support this conclusory statement, particularly as it relates to members of the Family other than Solomon.

In assessing whether non-statutory insider status exists, the Court looks to see if the relationship in question is sufficiently similar to the *per se* insider categories identified by Congress in the statute. *See In re Gilbert*, 104 B.R. 206, 210 (Bankr.W.D.Mo.1989) ("[C]ontemporary insider analysis invites the Court to consider whether the disputed relationship is similar to or bears characteristics of any of the relationships specified in the statute."). As the Ninth Circuit Bankruptcy Appellate Panel has observed:

> While the respective insider definitions do not attempt or purport to be all inclusive, it may be fairly said that each definition is based on either one of two relational classifications. First, the Code assigns insider status to entities or relatives of the debtor, or of persons in control of a related entity, whose affinity or consanguinity gives rise to a conclusive presumption that the individual or entity commands preferential treatment by the debtor. Second, insider status may be based on a professional or business relationship with the debtor, in addition to the Code's per se classifications, where such relationship compels the conclusion that the individual or entity has a relationship with the debtor, close enough to gain an advantage attributable simply to affinity rather than to the course of business dealings between the parties.

*In re Friedman*, 126 B.R. 63, 69 -70 (9th Cir. BAP 1991).

In support of the contention that the Family commanded preferential treatment by Namco, or gained some advantage attributable to affinity in their business dealings with Namco, the FAC makes the following factual allegations:

6

- Solomon Rastegar is and at all time mentioned herein was a very close, personal friend of Ezri Namvar. FAC ¶17.

- Solomon Rastegar and Namvar's relationship reaches back over two decades and Solomon Rastegar viewed and treated Ezri Namvar as a son. *Id.*

- Ezri Namvar had a very close relationship with the Family and Ezri Namvar viewed and treated the Family as his family. *Id.*

- Solomon Rastegar referred to himself as "Ezri's best friend." And Namvar referred to and considered Solomon Rastegar to be his "best friend" as well. This close friendship lead [sic] to many personal and business relationships between the Family and Namvar. *Id.*

- Not only was Namvar heavily involved in the Family on a personal and business level but at all times herein mentioned, Solomon Rastegar was the Trustee of the Namvar Charitable Trust. FAC ¶23.

Notably absent from these allegations is any suggestion that members of the Family *other than Solomon* had significant business dealings with Namvar, or enjoyed a close personal relationship with him. Indeed, Plaintiff repeatedly alleges that it was Solomon, and only Solomon, who dealt with Namvar and managed the Family's investments with Namco. FAC ¶¶ 25, 26, 30. In essence, the FAC attempts to "piggyback" on allegations regarding the business and personal relationship between Solomon and Namvar to establish that the other Family members were also insiders, alleging that Solomon was the "gatekeeper for the Family with respect to any and all investments in and with the Debtor." FAC ¶ 25. At most, these allegations support a conclusion that the other Family members are insiders of Solomon, not that they are insiders of Namco.

While Congress expressly included "insiders of an affiliate" within the statutory definition of insiders for corporate debtors, it did not include "insiders of an insider" within that definition. *Miller Avenue Prof'l and Promotional Servs., Inc. v. Brady (In re Enterprise Acquisition Partners, Inc.)*, 319 B.R. 626 (9th Cir. BAP 2004) (noting that, "[h]ad Congress wanted to extend per se insider status to insiders of insiders, it knew how to do it," and finding that the decision not to include such language "shows [legislative] intent not to expand per se insiders to include insiders of relatives of insiders."). Thus, Plaintiff's allegations of insider status with respect to the Family members other than Solomon are patently deficient, and all "insider" claims against Roxana, Mahi, Michele, Shabnam, and the Trust must be dismissed.

Even as to Solomon, Plaintiff fails to allege *any* facts to suggest that he had any special power or control over Namvar or Namco in the course of their business dealings, a necessary

7

prerequisite to a finding of non-statutory insider status based upon personal "affinity" within a business relationship. *See In re Friedman*, 126 B.R. 63, 70 (9th Cir.BAP 1991) ("It is unlikely that Congress intended that complex business relationships existing over a period of time, attended by some personal involvement but without control by the creditor over the debtor's business, would subject such creditor to insider status.").

Moreover, the above allegations, as well as the e-mails that are referenced in the FAC and attached as exhibits thereto, do not support a conclusion that, as a result of Solomon's alleged "familial" relationship with Namvar, he commanded preferential treatment from Namco akin to that experienced by Namvar's own blood relatives. Indeed, the allegations of the FAC on this point only reveal that Solomon was *not* treated as a family member by Namvar or his family, despite his pleas for such treatment. FAC ¶24 (citing e-mail in which Solomon threatened Namvar's son Tony: "if you do not take care of me as a family member I would have to approach your father"). In another e-mail to Namvar that is attached to and referenced in the FAC, Solomon acknowledges that Namvar has no familial obligation to him: "I UNDERSTAND THAT YOUR RESPONSIBILITY IS TOWARDS YOUR FAMILY, BUT SO IS MINE." FAC Ex. 3 at 35. In fact, far from suggesting preferential treatment, the allegations of the FAC support the conclusion that Namvar repeatedly took advantage of Solomon's friendship and goodwill. For example, in the above-mentioned e-mail to Namvar's son Tony, Solomon asks, after a lengthy description of his business dealings with Namvar, "WHERE WAS AND IS HIS MERCY TO SOMEONE AS OLD AS HIS FATHER AND WHO ACCEPTED HIM AS HIS LOST SON?" FAC Ex. 2 at 33.

Based on the lack of any allegations to suggest that Solomon had any control or influence over the day-to-day operations of Namco, or that, financially speaking, he was treated by Namvar in a manner akin to Namvar's blood relatives, the "insider" claims against Solomon should likewise be dismissed.

**CONCLUSION**

In summary, Plaintiff has failed in his *second* attempt to allege any facts to indicate a plausibility that Solomon or any of his Family members were statutory or non-statutory insiders of Namco or Namvar, and accordingly the Third, Fifth, Seventh, Ninth, Eleventh, Thirteenth, and Fifteenth Claims for Relief should be dismissed without leave to amend to the extent that they seek to recover transfers allegedly made between 90 days and one year prior to the Petition Date.

Moreover, for the reasons advanced in Sharareh's Motion To Dismiss as to the Second Claim For Relief, which is hereby incorporated by reference, the Fourth, Sixth, Eighth, Tenth, Twelfth, Fourteenth and Sixteenth Claims for Relief should also be dismissed without leave to amend.

Finally, for the reasons advanced in Sharareh's Motion to Dismiss, the Seventeenth Claim for Relief should also be dismissed in its entirety without leave to amend.

Dated: June 14, 2011

Bruce Bennett
Monika Wiener
Michael Schneidereit
DEWEY & LeBOEUF LLP

By: */s/ Monika Wiener*
    Monika Wiener

Attorneys for the Family

**PROOF OF SERVICE OF DOCUMENT**

I am over the age of 18 and not a party to this adversary proceeding.  My business address is:

Dewey & LeBoeuf LLP
333 South Grand Avenue, Suite 2600
Los Angeles, CA 90071

True and correct copies of the foregoing document described <u>Memorandum of Points and Authorities in Support of Motion of Defendants Roxana Rastegar, Mahi Rastegar, Jessica Kimiabakhash, Michele Kimiabakhash, Shabnam Kimiabakhash, Solomon Rastegar, and the Rastegar Family Trust to Dismiss the First Amended Complaint to Avoid and Recover Preferential Transfers Pursuant to 11 U.S.C. §§ 547(b), 548(a), 550, and 502</u> were served in the manners indicated below:

**I.  TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")**: Pursuant to controlling General Order(s) and Local Bankruptcy Rule(s) ("LBR"), the foregoing document will be served by the court via NEF and hyperlink to the document. On <u>June 14, 2011</u>, I checked the CM/ECF docket for this adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses indicated below:

    Robyn Sokol – rsokol@ebg-law.com; ecf@ebg-law.com
    United States Trustee (LA)  -  ustpregion16.la.ecf@usdoj.gov

☐ Service information continued on attached page

**II.  TO BE SERVED BY U.S. MAIL**: On <u>June 14, 2011</u>, I served the following persons at the last known addresses in this adversary proceeding by placing true and correct copies thereof in sealed envelopes in the United States Mail, first class, postage prepaid, addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge <u>will be</u> completed no later than 24 hours after the document is filed.

| John P. Reitman<br>Landau Gottfried & Berger LLP<br>1801 Century Park East, Suite 1460<br>Los Angeles, CA 90067 | Judge Barry Russell<br>U.S. Bankruptcy Court<br>255 E. Temple Street, Suite 1660<br>Los Angeles, CA 90012 |
|---|---|

☐ Service information continued on attached page

**III.  TO BE SERVED BY EMAIL**: Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on <u>June 14, 2011,</u> I served the following person by email as follows.  Listing the judge here constitutes a declaration that personal delivery on the judge <u>will be</u> completed no later than 24 hours after the document is filed.

    John P. Reitman – jreitman@lgbfirm.com

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

| June 14, 2011 | Kevin Floyd | */s/ Kevin Floyd* |
|---|---|---|
| *Date* | *Type Name* | *Signature* |

-1-