BRUCE BENNETT (SBN 105430)
MONIKA WIENER (SBN 211467)
DEWEY & LEBOEUF LLP
333 South Grand Avenue
Suite 2600
Los Angeles, CA 90071-1530
Telephone: (213) 621-6000
Facsimile: (213) 621-6100

Attorneys for Defendants Roxana Rastegar,
Mahi Rastegar, Jessica Kimiabakhash, Michele
Kimiabakhash, Shabnam Kimiabakhash,
Solomon Rastegar, and the Rastegar Family
Trust

# IN THE UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA

## LOS ANGELES DIVISION

| | |
|---|---|
| In re<br><br>NAMCO CAPITAL GROUP, Inc.,<br><br>　　　　　　Debtor,<br><br>BRADLEY D. SHARP, CHAPTER 11 TRUSTEE,<br><br>　　　　　　Plaintiff,<br><br>vs.<br><br>SHARAHEH RASTEGAR; ROXANA RASTEGAR, MAHI RASTEGAR; JESSICA KIMIABAKHASH; MICHELE KIMIABAKHASH; SHABNAM KIMIABAKHASH; SOLOMON RASTEGAR; individually and as Trustee of RASTEGAR FAMILY TRUST, and RASTEGAR FAMILY TRUST<br><br>　　　　　　Defendants, | Case No. 2:08-bk-32333-BR<br><br>Chapter 11<br><br>Adversary Proceeding No. 2:11-ap-01397-BR<br><br>**REPLY OF DEFENDANTS ROXANA RASTEGAR, MAHI RASTEGAR, JESSICA KIMIABAKHASH, MICHELE KIMIABAKHASH, SHABNAM KIMIABAKHASH, SOLOMON RASTEGAR, AND THE RASTEGAR FAMILY TRUST TO PLAINTIFF'S OPPOSITION TO MOTION TO DISMISS THE FIRST AMENDED COMPLAINT TO AVOID AND RECOVER PREFERENTIAL TRANSFERS PURSUANT TO 11 U.S.C. §§ 547(b), 548(a), 550, AND 502**<br><br>Date:　　　July 19, 2011<br>Time:　　　2:00 p.m.<br>Location:　Courtroom 1668<br>　　　　　Edward R. Roybal Federal Building<br>　　　　　and Courthouse<br>　　　　　255 East Temple Street<br>　　　　　Los Angeles, CA 90012 |

In response to Plaintiff's opposition ("Opposition") to the *Motion Of Defendants Roxana Rastegar, Mahi Rastegar, Jessica Kimiabakhash, Michele Kimiabakhash, Shabnam Kimiabakhash, Solomon Rastegar, And The Rastegar Family Trust To Dismiss The First Amended Complaint To Avoid And Recover Preferential Transfers Pursuant To 11 U.S.C. §§ 547(b), 548(a), 550, and 502* ("Motion"), the movants state as follows.

By conceding that "Defendants are not insiders under Section 101(31)(B) and (E) of the Bankruptcy Code and are not 'per se insiders,'" Opposition at 10, Plaintiff has greatly simplified this Court's task in ruling on the Motion. The sole remaining issue is whether Plaintiff has pleaded sufficient *non-conclusory* facts which, if true, would make it not only possible, but *plausible* that Solomon and the other Family members are non-statutory insiders of Ezri Namvar.[1] In this regard, it is not enough for Plaintiff to allege that Solomon and Ezri were friends, or even that they were best friends—Plaintiff must plead facts to *show* that the relationship between Ezri and the Family was as close as family *and* that the Family's dealings with Ezri and Namco were not conducted at arms length. The FAC alleges no such facts.

While the FAC contains many alleged facts about the relationship between Ezri and the Rastegar Family, these facts are either (1) conclusory or (2) insufficient to support a plausible inference that Ezri in fact treated the Family as he treated his own blood relatives. As the Supreme Court explained in *Twombly* and *Iqbal*, in measuring the allegations of a complaint against the Rule 8 standard, courts should follow a two-pronged approach. For the first prong, the court should "identify[] pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." *Ashcroft v. Iqbal*, ___ U.S. ___, 129 S.Ct. 1937, 1950 (2009). Once these conclusory allegations are eliminated, the court in the second prong evaluates the remaining well-pleaded factual allegations to "determine whether they plausibly give rise to an entitlement for relief." *Id.*

Applying the first prong of this test to the FAC, many of Plaintiff's allegations relating to the relationship between Ezri and the Rastegar Family fall away. It is not sufficient, for example, to say that Solomon "viewed and treated Ezri as his son," or that Ezri "viewed and treated the Family as his

---

[1] All capitalized terms not otherwise defined herein shall have the meanings assigned to them in the Motion.

1

family." FAC ¶17.  These are nothing more than conclusory statements regarding the purported "quasi-familial" relationship and are therefore not entitled to a presumption of truth for purposes of this Motion.  Similarly, Plaintiff's statements that Defendants are insiders of the Debtor "[b]ecause of the Family's and Solomon Rastegar's special relationship with Namvar and Namvar's position with the Debtor and Solomon Rastegar's relationship with the Defendants as the gatekeeper to the Family money," FAC ¶ 30, and that "Defendants and the Debtor had a personal, professional and business relationship that was sufficiently close enough for Defendants to gain an advantage attributable to affinity," FAC ¶ 31, are conclusory and not entitled to the presumption of truth.

Once these conclusory allegations are eliminated, what is left is a spotty collection of alleged facts that do not support anything more than an inference that Solomon and Ezri were friends and sometime business associates.  As Plaintiff acknowledges, however, it is black letter law that friendship alone will not support a finding of non-statutory insider status.  Rather, the relationship in question must be *as close as* family:

> [W]here insider status is based on a pseudo-familial relationship, the Court's task is to distinguish between friendship alone, which does not give rise to insider treatment, and a *de facto* family relationship, which does.  Moreover, because § 101(31) specifically makes a *relative* an insider, a relationship properly gives rise to an insider status only if the *de facto* family relationship is as close as the *de jure* relationship specified by the definition of "relative" in § 101(31), that is, an individual related by consanguinity or affinity within the third degree.

*Gordon v. Vongsamphanh (In re Phongsavath)*, 328 B.R. 895, 898 (Bankr. N.D. Ga. 2005).  Thus, the many allegations of the FAC concerning the friendship between Solomon and Ezri are insufficient.  *See* FAC ¶17 (alleging that Solomon is "a very close, personal friend of Ezri Namvar" and that Ezri "referred to and considered Solomon Rastegar to be his 'best friend' as well.").

Moreover, the FAC contains no non-conclusory allegations at all to suggest that any Family member other than Solomon had a close personal relationship with Ezri.  Plaintiff instead asserts that the FAC alleges sufficient facts to "impute" Solomon's relationship with Ezri to the other Family members. Opposition at 13.  Plaintiff cites no legal authority for the proposition that insider status can be imputed from one person to another.  The reason is obvious: an insider of an insider is only

2

an insider to the extent that he or she independently qualifies as an insider under the statutory or non-statutory criteria.  Plaintiff's novel imputation theory therefore fails.

Plaintiff further asserts that Solomon and Ezri (and by imputation, their families) were not only friends, but a *de facto* family because they "acted similarly to a real family (*i.e.* loaned money to one another, were involved in one another's companies, gave each other advice and guidance, and interacted regularly)."  Opposition at 13.  However, there is nothing inherently familial in any of these activities—they are equally (if not more) consistent with interactions between friends or business associates.  As the Supreme Court explained in *Twombly*, factual allegations that are "merely consistent with" but do not "plausibly suggest" the conclusion that a defendant is liable do not "possess enough heft to 'sho[w] that the pleader is entitled to relief,'" as required by Rule 8.  *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1966 (2007).  Plaintiff's allegations in paragraphs 18 through 23 are therefore insufficient to "plausibly suggest" that Solomon or any other member of the Family is a non-statutory insider.

Plaintiff also states that the FAC alleges facts to suggest that the transfers at issue were not made at arms length.  Opposition. at 13.  This is simply untrue—with the exception of one alleged transfer of less than $40,000 that is described in paragraph 41 of the FAC,[2] the FAC contains no factual allegations whatsoever regarding the circumstances of the specific transfers to each of the Family members (other than Sharareh) that Plaintiff has identified in the exhibits to the FAC, other than the fact that they allegedly occurred.  FAC ¶¶ 35-40.  Upon examination of the exhibits attached to the FAC, the vast majority of these transfers appear on their face to be nothing more than regular monthly interest payments on funds loaned by each of the individual Family members to Namco, because *almost without exception they were made on the last day of each month and in the same monthly amounts*.  FAC Ex. 6 at 55; Ex. 8 at 78; Ex. 10 at 101; Ex. 12 at 124; Ex. 14 at 145; Ex. 16 at 166.  These alleged facts do not "plausibly suggest" that Rastegar family members received any different treatment than any other Namco unsecured creditor-investor; in fact they suggest precisely the opposite.  As alleged in the FAC:

---

[2] This transfer was allegedly made within the 90-day preference period applicable to non-insiders, and is the subject of Plaintiff's Fifteenth claim for relief.  For purposes of this motion, Solomon does not seek dismissal of this claim.

3

> Debtor's general business model was relatively simple and straightforward—Debtor would borrow money from individuals ("Lender Funds"), most often members of the West Los Angeles Persian community (individually hereinafter referred to as a "Namco Lender"), agree to pay such Namco Lender a fixed rate of return, and the Debtor would then either lend those funds to third parties, at interest rates typically six percent or more higher than the cost of capital payable to the Namco Lender, or invest such funds in various real estate projects.

FAC ¶ 32. Thus, the FAC fails to provide the Defendants with any notice regarding the basis for Plaintiff's fundamental contention that, as insiders, they were treated differently than other Namco Lenders.

For all of the above reasons, and the reasons set forth in the Motion, Sharareh's Motion to Dismiss and in *Defendant Sharareh Rastegar's Reply In Support Of Motion to Dismiss The First Amended Complaint* filed on July 11, 2011 (which is hereby incorporated by reference), the Family hereby requests that the Court grant the Motion and dismiss all of Plaintiff's "insider" claims with prejudice.

Dated: July 12, 2011

    Bruce Bennett
    Monika Wiener
    Michael Schneidereit
    DEWEY & LeBOEUF LLP

    By: */s/ Monika Wiener*
        Monika Wiener

    Attorneys for the Family

LA1 266810.1 103054 000001 7/10/2011 05:41pm

4

**PROOF OF SERVICE OF DOCUMENT**

I am over the age of 18 and not a party to this adversary proceeding.  My business address is:

Dewey & LeBoeuf LLP
333 South Grand Avenue, Suite 2600
Los Angeles, CA 90071

True and correct copies of the foregoing document described **Reply of Defendants Roxana Rastegar, Mahi Rastegar, Jessica Kimiabakhash, Michele Kimiabakhash, Shabnam Kimiabakhash, Solomon Rastegar, and the Rastegar Family Trust to Plaintiff's Opposition to Motion to Dismiss the First Amended Complaint to Avoid and Recover Preferential Transfers Pursuant to 11 U.S.C. §§547(b), 548(a), 550, and 502** were served in the manners indicated below:

**I. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")**: Pursuant to controlling General Order(s) and Local Bankruptcy Rule(s) ("LBR"), the foregoing document will be served by the court via NEF and hyperlink to the document. On July 12, 2011, I checked the CM/ECF docket for this adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses indicated below:

   Lisa N. Nobles – lnobles@lgbfirm.com, msaldana@lgbfirm.com, cscott@lgbfirm.com
   John P. Reitman – jreitman@lgbfirm.com, pswierszcz@lgbfirm.com
   Robyn B. Sokol  -  ecf@ebg-law.com, rsokol@ebg-law.com
   United States Trustee (LA)  -  ustpregion16.la.ecf@usdoj.gov
   Monika S. Wiener – mwiener@dl.com

☐ Service information continued on attached page

**II. TO BE SERVED BY OVERNIGHT MAIL**: On July 12, 2011, I served the following persons and/or entities at the last known addresses in this adversary proceeding by placing true and correct copies thereof in sealed envelopes with an overnight service, addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

   Hon. Barry Russell
   United States Bankruptcy Court
   255 E. Temple Street, Room 1660
   Los Angeles, CA 90012

☐ Service information continued on attached page

**III. TO BE SERVED BY PERSONAL DELIVERY, FACSIMILE TRANSMISSION OR EMAIL** (indicate method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on _____, I served the following person(s) and/or entity(ies) by personal delivery, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration that personal delivery on the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

| July 12, 2011 | Kevin Floyd | /s/ Kevin Floyd |
|---|---|---|
| *Date* | *Type Name* | *Signature* |

-1-