LANDAU GOTTFRIED & BERGER LLP
JOHN P. REITMAN (State Bar No. 80579)
LISA N. NOBLES (State Bar No. 233723)
1801 Century Park East, Suite 1460
Los Angeles, California 90067
Telephone: (310) 557-0050
Facsimile: (310) 557-0056

Attorneys for defendant Sharareh Rastegar

# UNITED STATES BANKRUPTCY COURT

## FOR THE CENTRAL DISTRICT OF CALIFORNIA

## LOS ANGELES DIVISION

| | |
|---|---|
| In re<br><br>NAMCO CAPITAL GROUP, Inc., a California corporation,<br><br>　　　　　　Debtor | Case No.: 2:08-bk-32333-BR<br><br>Chapter 11<br><br>Adv. Proc. No. 2:11-ap-1397-BR |
| BRADLEY D. SHARP, solely in his capacity as Chapter 11 Trustee of NAMCO CAPITAL GROUP, INC.,<br><br>　　　　　　Plaintiff,<br><br>　　vs.<br><br>SHARAHEH RASTEGAR, an individual; ROXANA RASTEGAR, an individual; MAHI RASTEGAR, an individual; JESSICA KIMIABAKHASH, an individual; MICHELE KIMIABAKHASH, an individual; SHABNAM KIMIABAKHASH an individual; SOLOMON RASTEGAR, individually and as Trustee of the RASTEGAR FAMILY TRUST; and RASTEGAR FAMILY TRUST,<br><br>　　　　　　Defendants. | **ANSWER OF SHARAREH RASTEGAR TO TRUSTEE'S FIRST AMENDED COMPLAINT TO RECOVER PREFERENTIAL TRANSFERS PURSUANT TO 11 U.S.C. §§ 547 AND 550**<br><br>**Status Conference Date:**<br>Date:　October 25, 2011<br>Time:　10:30 a.m.<br>Place:　Courtroom 1668<br>　　　　Edward R. Roybal Federal Building<br>　　　　and Courthouse<br>　　　　255 East Temple Street<br>　　　　Los Angeles, California 90012<br><br>Judge:　Hon. Barry Russell |

LANDAU
GOTTFRIED &
BERGER LLP

Defendant Sharareh Rastegar ("Defendant"), for herself alone and for no other defendants, responds as follows to the "First Amended Complaint to Avoid and Recover Preferential Transfers Pursuant to 11 U.S.C. §§ 547(b), 548(a), 550 and 502" (the "FAC") filed by Plaintiff Bradley D. Sharp (the "plaintiff"), Chapter 11 Trustee of the bankruptcy estate of Namco Capital Group, Inc. (the "debtor").

As to each of the allegations hereinafter denied for lack of sufficient information or belief, Defendant asserts that she lacks sufficient information or belief as to the substance of such allegations and therefore denies them, and each of them on that basis.

## NATURE OF ACTION

1.  Defendant denies the allegations in Paragraph 1 of the FAC, except alleges that plaintiff has abandoned any claim for relief to recover preference payments based on the claim that Defendant is a statutory insider and that plaintiff's fraudulent transfer and claim disallowance claims for relief against her have been dismissed, and admits that plaintiff purports to state a non-statutory insider preference claim against her.

2.  Defendant lacks sufficient information or belief to admit or deny the allegations in Paragraph 2 of the FAC, and on that basis denies them, except specifically denies that she has filed a proof of claim in the debtor's bankruptcy case and alleges that the court has dismissed the claim disallowance claim for relief against her.

3.  Defendant lacks sufficient information to admit or deny the allegations in Paragraph 3 of the FAC, and on that basis denies them.

## JURISDICTION AND CASE BACKGROUND

4.  Defendant admits the allegations in Paragraphs 4, 5, 6 and 7 of the FAC.

## THE PARTIES

5.  Defendant admits the allegations in Paragraph 8 of the FAC.

6.  Defendant denies the allegations in Paragraph 9 of the FAC and alleges that the correct spelling of her first name is "Sharareh."

7.  Defendant lacks sufficient information to admit or deny the allegations in Paragraph 10 of the FAC, and on that basis denies them, except admits that Solomon Rastegar resides in the

1 | Central District of California.

2 |     8.    Defendant lacks sufficient information to admit or deny the allegations in Paragraph 11 of the FAC, and on that basis denies them, except admits that Solomon Rastegar resides in the Central District of California.

    9.    Defendant lacks sufficient information to admit or deny the allegations in Paragraphs 12, 13 and 14 of the FAC, and on that basis denies them.

    10.    Defendant lacks sufficient information to admit or deny the allegations in Paragraph 15 of the FAC, and on that basis denies them, except admits that Solomon Rastegar resides in the Central District of California.

## INSIDER STATUS ALLEGATIONS

    11.    Defendant lacks sufficient information to admit or deny the allegations in Paragraph 16 of the FAC, except admits that Defendant and R. Rastegar are daughters of and that M. Rastegar is the spouse of Solomon Rastegar.

    12.    Defendant lacks sufficient information to admit or deny the allegations in Paragraphs 17-26 of the FAC, and on that basis denies them.

    13.    Defendant lacks sufficient information to admit or deny the allegations in Paragraph 27 of the FAC, and on that basis denies them, except admits that she received a transfer of $2,000,000 from the Debtor.

    14.    Defendant lacks sufficient information to admit or deny the allegations in Paragraphs 28-30 of the FAC, and on that basis denies them, and expressly denies that she is "Sarshar."

    15.    Plaintiff has abandoned his claim that Defendant is a statutory insider of the debtor pursuant to 11 U.S.C. § 101(31)(B) and (E), and accordingly, Defendant has no response to those allegations in Paragraph 30 of the FAC; as to the remainder of the allegations contained in Paragraph 30, Defendant lacks sufficient information to admit or deny the allegations and on that basis denies them, and expressly denies that she is or ever was a non-statutory insider of the debtor.

    16.    Plaintiff has abandoned his claim that Defendant is a statutory insider of the debtor,

LANDAU
GOTTFRIED &
BERGER LLP

2

and accordingly, Defendant has no response to those allegations in Paragraph 31 of the FAC; as to the remainder of the allegations contained in Paragraph 31, Defendant lacks sufficient information to admit or deny the allegations and on that basis denies them, and expressly denies that she has a personal, professional and business relationship with the debtor that was sufficiently close for her to gain any advantage attributable to affinity or otherwise.

## GENERAL ALLEGATIONS

17. Defendant lacks sufficient information to admit or deny the allegations in Paragraph 32 of the FAC, and on that basis denies them.

18. Defendant lacks sufficient information to admit or deny the allegations in Paragraph 33 of the FAC, and on that basis denies them, except admits 11 U.S.C. § 101(54) speaks for itself.

19. Defendant lacks sufficient information to admit or deny the allegations in Paragraph 34 of the FAC, and on that basis denies them, except admits that she received $2,095,969.98 from the debtor.

## INSOLVENCY OF THE DEBTOR

20. Defendant lacks sufficient information to admit or deny the allegations in Paragraphs 42-46 of the FAC, and on that basis denies them.

## FIRST CLAIM FOR RELIEF

**[To Avoid and Recover Preferential Transfers Against Sharareh Rastegar]**

**[11 U.S.C. §§ 547 and 550]**

21. In response to Paragraph 47 of the FAC, Defendant incorporates her above-responses to Paragraphs 1-34 and 42-46.

22. Defendant lacks sufficient information to admit or deny the allegations in Paragraphs 47 and 48 of the FAC, and on that basis denies them.

23. Defendant denies the allegations of Paragraph 49 of the FAC, except admits and alleges that the money transferred to her by the debtor was the return of money owed to her, plus interest.

24. Defendant lacks sufficient information to admit or deny the allegations in Paragraphs 50-52 of the FAC, and on that basis denies them, except expressly denies that she was

an "insider" of the debtor.

25. Defendant lacks sufficient information to admit or deny the allegations in Paragraph 53 of the FAC, and on that basis denies them, except admits that she received $2,095,969.98 from the debtor more than 90 days and less than one year prior to the Petition Date.

26. Defendant lacks sufficient information to admit or deny the allegations in Paragraph 54 of the FAC, and on that basis denies them, except admits that she received $2,095,969.98 from the debtor more than 90 days and less than one year prior to the Petition Date.

27. Defendant denies the allegations of Paragraphs 55 and 56, and expressly denies that plaintiff is entitled to recover from her the sum alleged, or any other sum, or at all, or the value of transfers made to her as alleged in the FAC.

## SECOND CLAIM FOR RELIEF

### [To Avoid and Recover Fraudulent Transfers Against Sharareh Rastegar]

### [11 U.S.C. §§548 and 550]

28. On July 19, 2011, the United States Bankruptcy Court for the Central District of California, Los Angeles Division, granted the Defendant's motion to dismiss the plaintiff's second claim for relief. Accordingly, the Defendant has no response to the allegations contained in Paragraphs 57-62 of the FAC.

## SEVENTEENTH CLAIM FOR RELIEF

### [Claim Disallowance]

### [11 U.S.C. § 502]

29. On July 19, 2011, the United States Bankruptcy Court for the Central District of California, Los Angeles Division, granted the Defendant's motion to dismiss the plaintiff's seventeenth claim for relief. Accordingly, the Defendant has no response to the allegations contained in Paragraphs 173-177 of the FAC.

## FIRST AFFIRMATIVE DEFENSE

### (Ordinary Course of Business)

1. Defendant alleges that the debtor's transfers to her as alleged in the FAC were in payment of debts incurred in the ordinary course of business or financial affairs of the debtor and

Defendant and were made in the ordinary course of business or financial affairs of the debtor and Defendant, pursuant to 11 U.S.C. §547(c)(2).

## SECOND AFFIRMATIVE DEFENSE
### (Ordinary Course of Business)

2.    Defendant alleges that the debtor's transfers to her as alleged in the FAC weer in payment of debts incurred in the ordinary course of business or financial affairs of the debtor and Defendant and were made according to ordinary business terms, pursuant to 11 U.S.C. § 547(c)(2).

## THIRD AFFIRMATIVE DEFENSE
### (Contemporaneous Exchange for New Value)

3.    Defendant alleges that any transfers made by the debtor to the Defendant were intended by the debtor and Defendant to be and were in fact contemporaneous exchanges for new value pursuant to 11 U.S.C. §547(c)(1).

## FOURTH AFFIRMATIVE DEFENSE
### (Transfer Not Avoidable Pursuant to 11 U.S.C. §550)

4.    Defendant alleges that the transfer referenced in the FAC was taken for value, in good faith and without knowledge of the voidability of the transfer pursuant to 11 U.S.C. §550(b)(1).

## FIFTH AFFIRMATIVE DEFENSE
### (Offset)

5.    Defendant alleges that any transfer made was to offset mutual obligations owing between Defendant and the debtor, thereby excepting the transfer from avoidance.

## SIXTH AFFIRMATIVE DEFENSE
### (Failure to State a Claim)

6.    Defendant alleges that the FAC fails to state a claim upon which relief may be granted.

## SEVENTH AFFIRMATIVE DEFENSE

7.    Defendant alleges that she has insufficient knowledge or information upon which to

LANDAU
GOTTFRIED &
BERGER LLP

5

1  form a belief as to whether she may have additional, as yet unstated, separate defenses available to
2  her. Defendant reserves her right to assert additional separate defenses in the event discovery
3  indicates they would be appropriate.
4    WHEREFORE, Defendant prays that:
5    (a) Plaintiff takes nothing by reason of the FAC;
6    (b) Judgment be entered in favor of Defendant;
7    (c) An order be entered requiring the plaintiff to pay the costs of this action; and
8    (d) Defendant be granted such further relief as the Court may deem proper.

10  Dated: August __, 2011   LANDAU GOTTFRIED & BERGER LLP
           JOHN P. REITMAN
           LISA N. NOBLES

           By: /s/ John P. Reitman
            John P. Reitman,
          Attorneys for defendant Sharareh Rastegar

LANDAU
GOTTFRIED &
BERGER LLP

6

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:
Landau Gottfried & Berger LLP
1801 Century Park East, Suite 1460
Los Angeles, CA 90067

A true and correct copy of the foregoing document described **ANSWER OF SHARAREH RASTEGAR TO TRUSTEE'S FIRST AMENDED COMPLAINT TO RECOVER PREFERENTIAL TRANSFERS PURSUANT TO 11 U.S.C. §§ 547 AND 550** will be served or was served (a) on the judge in chambers in the form and manner required by LBR 5005-2(d); and (b) in the manner indicated below:

I. **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")** – Pursuant to controlling General Order(s) and Local Bankruptcy Rule(s) ("LBR"), the foregoing document will be served by the court via NEF and hyperlink to the document. On August 1, 2011, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following person(s) are on the Electronic Mail Notice List to receive NEF transmission at the email address(es) indicated below:
- Robyn B Sokol    ecf@ebg-law.com, rsokol@ebg-law.com
- United States Trustee (LA)    ustpregion16.la.ecf@usdoj.gov
- Monika S Wiener    mwiener@dl.com

☐ Service information continued on attached page

II. **SERVED BY U.S. MAIL OR OVERNIGHT MAIL**(indicate method for each person or entity served):
On August 1, 2011, I served the following person(s) and/or entity(ies) at the last known address(es) in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States Mail, first class, postage prepaid, and/or with an overnight mail service addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.
**BY U.S. MAIL**
Honorable Barry Russell
United States Bankruptcy Court
Los Angeles Division – Roybal Federal Bldg.
255 E. Temple Street, Suite 1660
Los Angeles, CA 90012

Bradley D. Sharp (TR)
Development Specialist, Inc.
333 So. Grand Ave., Suite 4070
Los Angeles, CA 90071-1524

☐ Service information continued on attached page

III. **SERVED BY PERSONAL DELIVERY, FACSIMILE TRANSMISSION OR EMAIL** (indicate method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on_____ I served the following person(s) and/or entity(ies) by personal delivery, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

| August 1, 2011 | Katherine Moss | /s/ |
|---|---|---|
| Date | Type Name | Signature |

---

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

January 2009
**9013-3.1**

F